## J. H. TUCKER v. L. B. WILLIAMS.

*Deed—Rule in Shelley's Case—Nature of Estate.*

1. When the word "heirs" appears in a deed in connection with the name of the grantee, or as qualifying the designation of the grantee as the party of the second part, it may be transferred from any part of the instrument and made to serve the purpose of passing an estate in fee simple.

2. Where, in the premises of a deed the estate of the grantee was defined as "a freehold and good possession during his natural life and his heirs and their assigns," and the *habendum* was "to him, the said A. S., during the term of his natural life and his heirs, forever;" *Held*, that under the rule in Shelley's case, the word "heirs" must be construed as words of limitation and not of purchase, and that A. S. took a fee simple.

CIVIL ACTION, heard on case agreed before *McIver, J.*, at Fall Term, 1895, of PITT Superior Court. The plaintiff had contracted to sell certain lands to the defendant who declined to accept the deed upon the ground that plaintiff could not convey a fee simple title.

The plaintiff claimed title by *mesne* conveyances from one Abner Slaughter, to whom a deed was executed by John and Mary Slaughter, as follows:

"This indenture, made and entered into the 5th day of January, 1874, between John Slaughter and Mary Slaughter, his wife, of the county of Pitt, and State of North Carolina, of the first part, and Abner Slaughter (son of John Slaughter and Mary Slaughter), of the same county and State of the other part: Witnesseth, that the said John Slaughter and Mary Slaughter, for and in consideration of the natural love and affection that we have for and bear toward him, the said Abner Slaughter; and for the further sum of two hundred and fifty dollars valuation to be his share in the land that we are in possession of this date,

TUCKER *v.* WILLIAMS.

have released, transferred and conveyed unto him a freehold and good possession during his natural life, and his heirs and their assigns we covenant, do here transfer a fee simple right to them forever, a certain piece or parcel of land lying in the county of Pitt, and State aforesaid, situated on the east side Hen Coop Swamp, in Contentnea township, and bounded as follows: Beginning at a water oak on a ditch in Hen Coop branch, and running with said branch or ditch 7½ poles to a black gum, an old corner; thence North 45½ E. 29¾ poles to a stake, an old corner; thence North 83 E. 90 poles to a stake near a persimmon tree; thence South 20½° E. 65 poles to a short tag pine: thence North 81 West to the beginning, containing 31½ acres, more or less. To have and to hold said lands, with all improvements thereupon, with all privileges appertaining to the same, to him, the said Abner Slaughter, during the term of his natural life, and a fee simple right to his heirs and their assigns forever."

It was admitted that the said deed was properly probated and recorded.

It was also admitted that Abner Slaughter had heirs *in esse* at the time of the execution of this deed.

The Court below held that the deed of John and Mary Slaughter to Abner Slaughter, January 5th, 1894, conveyed a fee simple title to said Abner of the land described, and gave judgment accordingly, and defendant appealed.

*Messrs. T. J. Jarvis* and *J. D. Murphy*, for plaintiff (appellant).

*Mr. L. J. Moore*, for defendant.

AVERY, J.: Under the rule laid down by this Court in *Anderson* v. *Logan*, 105 N. C., 206, if the word "heirs" appears in a deed in connection with the name of the grantee

or as qualifying the designation of the grantee as the party of the second part, it may be transposed from any part of the instrument in construing it and made to serve the purpose of passing an estate in fee simple. So, if this deed is inartistically drawn, that rule of construction would serve the purpose, if it were necessary, of bringing the word heirs in juxtaposition to the name of the grantee Abner Slaughter.

In the premises the deed defines the estate of the grantee as "a freehold and good possession during his natural life and his heirs and their assigns." In the *habendum* the operative words are "to him, the said Abner Slaughter, during the term of his natural life and his heirs forever." This language clearly brings the deed within the rule in Shelley's case. An estate is given to Abner Slaughter for his life and by the same conveyance the fee simple to his heirs and of course the word heirs must be construed as a word of limitation and not of purchase. *Starnes* v. *Hill*, 112 N. C., 1. The law declares the technical effect that shall be given to the language used in this deed and we are not at liberty to impute to the grantor any intention except that which the law imputes to him in prescribing what interpretation shall be placed upon his language. There was no error in holding that by the deed the fee vested in Abner Slaughter.

Judgment Affirmed.