JOHNSON v. DUVALL.

(Filed May 27, 1904).

1. ACKNOWLEDGMENTS—*Deeds—Seals.*

> A commissioner of deeds for this state, residing in another state, is not required to affix his seal to the certificate acknowledging the execution of a deed conveying land in this state.

2. QUIETING TITLE—*Timber—Injunction—Acts 1901, ch. 666.*

> Before an order allowing a person to cut timber can be made in an action to quiet title, the court must find as a fact and incorporate it in the order that the party allowed to cut the timber claims the land in good faith and has a *prima facie* title thereto, and that the claim of the adverse party is not made in good faith.

ACTION by E. S. Johnson and others against Morgan Duvall and others, heard by *Judge E. B. Jones,* at chambers, at Murphy, N. C., April 9, 1904.

The record in this case presents an appeal from an order made by his Honor *Judge Jones,* permitting the defendant J. B. Thomas to cut and remove timber from the lands in controversy pending the trial of the cause upon its merits. The facts found by his Honor are that the title to the *locus in quo* was conceded to have been in W. H. Wilson, under whom all parties claim title. On February 1, 1859, said Wilson executed a deed containing operative words sufficient to pass the title to Alice A. Farrer. The original deed was not in evidence. A certified copy of the deed, together with the certificate of probate and order of registration, was used in the hearing before the Court upon the motion for the injunction. It appears that the acknowledgment of the execution by the maker was before a commissioner of deeds for this State residing in the City of Washington, D. C. His

certificate concludes with the words, "Given under my hand and seal," etc. There is nothing on the certified copy showing that an official seal was affixed to the certificate. A certificate is attached entitled:

"COURT OF PLEAS AND QUARTER SESSIONS, MARCH TERM, A. D. 1859.

"On motion it was ordered by the Court that the foregoing deed for land in Jackson County, North Carolina, from W. H. Wilson and Martha R. Wilson of Prince George County, State of Maryland, to A. A. Farrer of Montgomery County, State aforesaid, be recorded and registered in Jackson County with privy examination thereto, as appears from the certificate of Charles Walter, Commissioner of Deeds for the State of North Carolina, residing in Washington City. Certified the 8th day of April, A. D. 1859.

"A. M. ENLOE, *Clerk.*

"Witness: WM. R. BUCHANAN, *R. J. C.*"

The land was devised by A. A. Farrer to George and James Frame, the last named devising his interest to said George Frame, who on March 10, 1904, conveyed such title as he had to J. B. Thomas, who at March Term, 1904, was made a party defendant by the Court. The said W. H. Wilson, on August 16, 1884, executed a deed for said land to his wife, Martha R. Wilson, who by her last will and testament conferred upon her executor power to sell the same. Pursuant to such power the said executor, on February 24, 1893, conveyed the said land to the ancestors of the plaintiffs.

There was evidence before his Honor in regard to the payment of taxes. There was no evidence of any possession by either of the parties, the *locus in quo* being wild mountain land chiefly valuable for timber. The plaintiffs allege that

the defendants Duvall & Mendenhall were cutting timber on the land, and prayed an injunction pending the litigation.   A restraining order was made by his Honor *Judge Ferguson* enjoining the defendants Duvall & Mendenhall from cutting the timber until the final hearing.   At the same time an order was made continuing the motion for a receiver to be heard before his Honor *Judge Jones.*   The said J. B. Thomas filed an affidavit in the cause, setting out his title and alleging that he was operating a saw-mill with a large crew of hands near the lands; that he was about through with the timber and desired to move his mill and outfit on the land covered by the grants which are in controversy in this action, and upon such affidavit moved that he be permitted to cut and remove the logs.   His Honor granted the motion and the plaintiffs appealed.

*George H. Smathers* and *Shepherd & Shepherd,* for the plaintiffs.
*A. M. Fry,* for the defendants.

CONNOR, J.   It will be observed that this action was originally brought against Mendenhall & Duvall and they were enjoined from cutting the timber from plaintiffs' land. Thereafter Thomas, who had been made party defendant, filed an affidavit which was heard before *Judge Jones* as the basis for a motion to be permitted to cut and remove the timber during the pending of the action.   His Honor granted the order, basing his action upon his opinion that the title to the land passed by the deed executed by William H. Wilson to Alice A. Farrer, bearing date August 1, 1859, which title vested in Thomas.   The deed from Frame to Thomas contains certain provisions and stipulations, which were argued by counsel, constituting an agreement for maintenance of a lawsuit thereby vitiating the deed.   The discussion

in this Court was largely directed to the validity of the probate of the deed from Wilson to Farrer, the plaintiffs contending that it was invalid for that no seal was attached to the certificate of the commissioner of deeds, and further that the order of registration was defective in that there was no adjudication that the deed had been properly proved before the Commissioner of Deeds. The power of the commissioner to take acknowledgment or proof of the execution of deeds executed in other States conveying land situate in this State is found in chapter 37, section 5, of The Revised Code. It does not appear from an examination of that section that the commissioner is required to affix any seal to his certificate, the language being: "And duly certified by him, such deed, power of attorney, bill of sale or other instrument, being exhibited in the Court of Pleas and Quarter Sessions of the county where the property is situate, or to one of the Judges of the Supreme Court or of the Superior Courts of this State, shall be ordered to be registered with the certificates thereto annexed." It is certainly usual for Commissioners of Deeds or affidavits to affix their official seal to certificates made by them. We have carefully examined the several statutes bearing upon the subject and cited in the briefs and find no statute requiring a seal to be affixed to such certificate.

It is further contended that the certificate of the Clerk does not show affirmatively that the Court adjudged the certificate of the commissioner to be in due form or that the proof or acknowledgment was properly taken. It will be observed that the deed was exhibited in open Court, and it may be that upon the trial it will appear from the minutes of the Court that the proper adjudication was made. It would seem that the law would raise a presumption to that effect. We prefer deferring a decision of this question until the cause shall be brought to trial and the evidence, together

with the minutes of the Court of Pleas and Quarter Sessions, introduced. There is, however, a view of the case not presented by the briefs which we think it proper to decide, as it affects a matter of interest to the public. The order is evidently based upon the power conferred upon the Court by chapter 666 of the Laws of 1901, the first section of which provides: "That in all actions to try title to timber lands and in all actions for trespass thereon for cutting timber trees, whenever the Court shall find as a fact that there is a *bona fide* contention on both sides based upon evidence constituting a *prima facie* title, no order shall be made pending such action permitting either party to cut said timber trees, except by consent, until the title to said land or timber trees shall be finally determined in such action. That whenever in any such action the Judge shall find as a fact that the contention of either party thereto is not in good faith, and is not based upon evidence constituting a *prima facie* title, then upon motion of the other party thereto who may satisfy the Court of the *bona fides* of his contention, and who may produce evidence showing a *prima facie* title, the Court may allow such party to cut the said timber trees by giving bond," etc. We think that before an order vitally affecting the rights of either party shall be made, such as the permission to cut the timber, the Court shall find as a fact, and incorporate such finding in the order, that the contention of the party against whose claim the order is made is not in good faith and that the contention of the party in favor of whom the order is made is in good faith and based upon a *prima facie* title. The order in this cause finds neither of these facts and for that reason we think is erroneous.

Serious questions being presented for determination on the hearing of this cause, we think that in the absence of any finding that the plaintiffs' contention was not made in good faith and that the defendant's contention was *bona fide* and

based upon a *prima facie* title, the property should have been left in *statu quo* until the final hearing. Without passing upon the other questions argued before us the order of his Honor is reversed.

Reversed.