GEORGE L. SWINDELL et al. v. S. V. SMAW.

(Filed 13 September, 1911.)

**Wills—Construction—Intent—Life Estate—Specific Devises.**

A. devised to the husband, S., "all my possessions, land, stock, farming implements, household and kitchen furniture, him all I have, his lifetime (if I leave no heirs) ; he must pay all my debts, if any, . . ." with "request of him if I leave no heirs. I would like for him to give all to E. and M., M. my organ and watch and chain after his death": *Held*, though the devise is inartificially drawn, the word "heirs" meant children ; and the husband took the devised property for life, with limitation to the children, if any, at the time of her death ; if no children, then over to E. and M., with special provision that M. should have the organ and watch and chain.

APPEAL by defendant from *O. H. Allen, J.,* at May Term, 1911, of BEAUFORT.

The facts are sufficiently stated in the opinion of the Court by *Mr. Chief Justice Clark.*

*Nicholson & Daniel for plaintiff.*
*Ward & Grimes for defendant.*

CLARK, C. J. Mollie S. Smaw died, leaving as her last will and testament the following paper-writing:

"I, Mollie S. Smaw, while in good health and right mind, give unto my husband, Samuel V. Smaw, all my possessions,

land, stock, farming implements, household and kitchen furniture, him all I have, his lifetime (if I leave know heirs); he must pay all my debts, if any. I leave him executor to my will.

"I will make a request of him, if I leave know heirs: I would like for him to give all to Earnest and Myrtle Swindell; Myrtle S. my organ and watch and chain after his death.

"This is my only and last will. As have settled all my father's debts and payed all the heirs, I feel as I can do as I choose with what little I have.

"Signed this day, 21 June, 1899.

"(Duly witnessed.)          ·     MOLLIE S. SMAW [SEAL]."

This action is brought by certain of the heirs at law of the deceased against her husband, who is in possession of the property, to remove a cloud upon title, under Rev., 1589, alleging that he is claiming the same in fee simple, whereas the alleged will is void for uncertainty and the defendant is entitled only to a life estate as tenant by the curtesy, or, at most, under the will he has a life estate only. Such action can now be brought, though the plaintiff is not in possession. *Daniels v. Fowler,* 120 N. C., 14; *McLean v. Shaw,* 125 N. C., 492.

The will is very inartificially drawn, but we do not think it is so unmeaning as to be void. The devise to the husband is specifically for "his lifetime," and there is nothing in the will to extend it beyond that time. The request that if she should leave no heirs she wishes him to give all to Ernest and Myrtle Swindell does not show that she intended for him to have more than a life estate, but the contrary. It is badly expressed, but the meaning is that they are to have all her property after her husband's death if she should die leaving no heirs. By the word "heirs" she evidently meant "children," which is not an unusual use of the word among those who do not know its technical meaning in the law. The testatrix intended by this will, as we understand it, that the property should go to her husband for life, then to her children, should she leave any at her death, and, if none, then over to Ernest and Myrtle Swindell, with a special provision that Myrtle should have her organ and watch and chain.

In *Hauser v. Craft,* 134 N. C., 319, as to an item in a will very similar to this where there was a devise of property to A. for life, and should A. die without leaving children, then over to the testator's heirs, the Court held that A. held a life estate, with a remainder to the children. This has been cited and approved in *Wilkinson v. Boyd,* 136 N. C., 47; *Anderson v. Wilkins,* 142 N. C., 161; *Cox v. Jernigan,* 154 N. C., 584.

Ernest and Myrtle Swindell should have been made parties to this proceeding. But as the decision is in their favor, we do not hold the case up till they are made parties. When the case goes back for final judgment below, upon the facts agreed, it will be well to have them made parties, also any other heirs and next of kin of the testatrix, if any, who are not already parties to this action.

Reversed.