GASTON KELLY v. ENTERPRISE LUMBER COMPANY.

(Filed 27 November, 1911.)

1. Deeds and Conveyances—Timber Reserved—Time of Cutting—Notice to Grantor—Grantee of Timber.

A conveyance of lands reserving in the grantor all the timber of every description, without specifying within what time the timber is to be removed, requires by construction that the grantor should remove the timber within a reasonable time after notice to do so given by the grantee; and the grantee of the timber reserved holds the reservation of the timber in the same plight as this grantor held it.

2. Deeds and Conveyances—Timber Reserved—Size—Date of Deed.

A reservation in the grantor of the timber upon the lands conveyed is of such trees large enough to be timber at the time of the execution of the deed.

3. Same—Injunction—Ascertainment of Size—Experts—Reference—Power of Court.

When a conveyance of lands reserved in the grantor all the timber thereon, and it appears by construction of the instrument that the trees should be of that size as of the date of the deed, it is reversible error for the court, not having found that the contention of the plaintiff was not *bona fide* (Revisal, 809), to dissolve an order restraining the cutting of the timber upon the defendant's giving bond, solely upon the ground that it was impossible to ascertain at a later date which trees were of the required size at the date of the deed (Revisal, 809), as such may be fairly approximated by experts, who, upon the failure of the parties to agree, may be appointed by the court. (Revisal, 519 (3).)

4. Deeds and Conveyances—Timber Reserved—Size—Specifications as to Wood and Fence Rails—Interpretation.

A conveyance of land reserved in the grantor all timber trees thereon, but permitted the grantee to cut firewood and fence rails from trees "not over 14 inches in diameter 2 feet from the ground": *Held*, the specification of the sizes of the trees from which the grantee could cut firewood and fence rails, without prospective words, does not of itself affect the construction of the deed that the trees large enough for timber were reserved.

ALLEN, J., did not sit.

.APPEAL from Duplin, from order rendered by *Peebles, J.,* at chambers in New Hanover, 14 April, 1911.

The facts are sufficiently stated in the opinion of the Court by *Mr. Chief Justice Clark.*

*H. D. Williams and Davis & Davis for plaintiffs.*

*Langston & Allen and Stevens, Beasley & Weeks for defendant.*

PLAINTIFF'S APPEAL.

CLARK, C. J. The question on this appeal arises upon the construction of the following reservation in a deed of 2 December, 1900, from the Cape Fear Lumber Company to the plaintiff: "It is understood and agreed by the parties to this deed, that the party of the first part hereby conveys to the party of the second part only the land with its agricultural privileges, together with all the necessary firewood and fence rails that may be needed on said land herein conveyed (*until said timber is cut by the Cape Fear Lumber Company*), to be cut from pine trees not over 14 inches in diameter 2 feet from the ground; also two cypress trees to be marked with the name of the party of the second part by the agent of the said Cape Fear Lumber Company; reserving in the grantors, the said Lumber Company, *all the timber* of every description on said land, except as hereinbefore specified, together with the rights and privileges appertaining thereto."

On 11 February, 1911, the Cape Fear Lumber Company conveyed to the defendant, the Enterprise Lumber Company, the timber which it had reserved in conveying the land to the

plaintiff. The deed of the Cape Fear Lumber Company to the defendant uses the following language :, "The land upon which this said tract of timber stands belongs to Gaston Kelly, having been sold to him by the Cape Fear Lumber Company, *with the timber reserved.*"

Cases of this nature usually arise where the owner conveys the timber, reserving the land. Here the deed of the Cape Fear Lumber Company to the plaintiff, 2 December, 1900, conveyed the land, reserving the timber. The court held that only the trees which were large enough to be "timber" trees on 2 December, 1900, were reserved, but that it being impossible to ascertain what trees had become timber trees since that date, dissolved the injunction upon the defendant giving bond in the sum of $5,000.

In *Mining Co. v. Cotton Mills,* 143 N. C., 307, the Court held: "Whether the right to cut timber is a grant or a reservation, it expires at the time specified. When no time is specified, the grantee of such right takes upon the implied agreement to cut and remove within a reasonable time; whereas when the grantor of the fee reserves or excepts the timber, and there is no limitation to indicate when the reservation shall expire, then the grantee of the fee must give notice for a reasonable time that the grantor must cut or remove the timber included in his reservation." The defendant, the Enterprise Lumber Company, here holds the reservation of the timber in the same plight that the Cape Fear Lumber Company held it, and the grantee of the fee, the plaintiff Kelly, should give reasonable notice to the defendant to cut or remove all timber which was included in the reservation, *i. e.,* such trees as were large enough to be timber at the time of the deed of 2 December, 1900.

The Court not having found as a fact that the contention of the plaintiff was "not *bona fide,*" as required by Revisal, 809, he should have continued the injunction as provided by Revisal, 807, 808, as to all trees which were not large enough to have been "timber" on 2 December, 1900. This is not impossible of ascertainment, as his Honor held, but may be determined by experts. The parties may possibly agree as to the

157—12

trees, or in default of agreement the court may designate an expert or a referee for that purpose, just as a surveyor is appointed in cases of a disputed boundary.

Revisal, 519 (3), provides for a compulsory reference, "3. When the case involves a complicated question of boundary or (is) *one which requires a personal view of the premises.*"

The order requiring a bond is set aside and an injunction till the hearing is ordered, as to all trees that were not timber trees on 2 December, 1900.

Reversed.

### DEFENDANT'S APPEAL.

The sole question presented on this appeal is the ruling of his Honor that under the reservation in the deed above set out the grantor reserved only such trees as were large enough for timber trees on 2 December, 1900.

The language used is that he reserves "all the *timber*" of every description. There being no prospective words, this ruling was correct. *Robinson v. Gee,* 26 N. C., 186; *Whitted v. Smith,* 47 N. C., 36; *Warren v. Short,* 119 N. C., 39; *Lumber Co. v. Hines,* 126 N. C., 254; *Hardison v. Lumber Co.,* 136 N. C., 175. It is true, the deed permitted the grantee Kelly to cut firewood and fence rails from pine trees if "not over 14 inches in diameter 2 feet from the ground," and also allowed him to cut two cypress trees without restriction as to size. But these privileges to Kelly do not affect the fact that the grantor reserved only the "timber trees," without any prospective words, and therefore the reservation was only of the trees that were large enough to be timber trees at the date of the deed. The judgment in this respect is

Affirmed.