Submission of controversy without action. C.S. 626.
The facts agreed are as follows:
1. That B. H. Stokes is in possession and claims title to two certain tracts of land described in a deed dated 11 March, 1910, which reads as follows:
STATE OF NORTH CAROLINA — CRAVEN COUNTY.
This deed, made this 11 March, 1910, by R. B. Stokes and wife, Rebecca Stokes, of Craven County and State of North Carolina, of the first part, to B. H. Stokes, of Craven County and State of North Carolina, of the second part:
Witnesseth, that the said R. B. Stokes and Rebecca Stokes, his wife, in consideration of parental love, and one dollar to them paid by the said B. H. Stokes, the receipt of which is hereby acknowledged, have bargained and sold, and by these presents do (324) bargain, sell, and convey to the said B. H. Stokes and his heirs and assigns two certain tracts or parcels of land in No. 1 Township, Craven County, State of North Carolina, described as follows: . . .
With the exception the said R. B. Stokes reserves his life estate in the above two described tracts of land and the timber on the same. Also, if R. B. Stokes dies before his wife, Rebecca Stokes, she, the said Rebecca Stokes is to have and to hold a life estate in the home place or first tract above described, it being the home *Page 345 
place, the said Rebecca's life estate to cease in case she marries again. The said home place, it being the first tract described above, is hereby given to the said B. H. Stokes during his natural life, and then to his heirs with no right to him, the said B. H. Stokes, to convey the same; also, that he is to have no part in any future division of the said R. B. Stokes land.
To have and to hold, the aforesaid tract or parcel of land, and all the privileges and appurtenances thereto, belonging to the said B. H. Stokes, and his heirs and assigns, to their only use and behoof forever.
And the said R. B. Stokes and Rebecca Stokes covenant to and with the said B. H. Stokes, and his heirs and assigns, that they are seized of the said premises in fee, and have a right to convey the same in fee simple; that the same are free and clear from all incumbrances, and that they will warrant and defend the said title to the same against the claims of all persons whatsoever.
In testimony whereof, the said R. B. Stokes and Rebecca Stokes have hereunto set their hands and seals, the day and years first above written.
 his R. B. X STOKES. [SEAL.] mark REBECCA STOKES. [SEAL.]
Verified 11 March, 1910.
2. That R. B. Stokes and Rebecca Stokes are both dead.
3. That B. H. Stokes and J. J. Dixon have entered into an agreement by which the said J. J. Dixon agreed to purchase the said land and pay therefor the sum of $6,800, and B. H. Stokes agreed to sell said land and convey a good and indefeasible title in fee simple.
4. That B. H. Stokes has tendered to said J. J. Dixon a deed conveying the said land with the usual covenants of warranty, purporting to convey a fee-simple estate, and that J. J. Dixon has refused to accept said deed or pay for the land for the reason that he is advised that said B. H. Stokes cannot convey a good title.
Upon the facts agreed, his Honor rendered judgment declaring the plaintiff the owner in fee of the tracts of land described in the deed, with right to convey to the defendant a title in fee simple. The defendant excepted and appealed.
R. B. Stokes, one of the grantors, reserved a life estate for himself in the two tracts of land described in the deed, and in case his wife Rebecca survived him, a life estate for her in the first tract, known as the "home place." Both R. B. Stokes and his wife are dead, and the reservation of the life estate, for the present purpose, is inoperative. The controversy, therefore, depends upon the proper construction of the following paragraph: "The said home place, it being the first tract described above, is hereby given to the said B. H. Stokes during his natural life, and then to his heirs, with no right to him, the said B. H. Stokes, to convey the same." The clause purporting to restrain the grantee's right of alienation is repugnant to the estate conveyed, and is void as in contravention of public policy. Munroe v. Hall, 97 N.C. 209;Hardy v. Galloway, 111 N.C. 520; Pritchard v. Bailey, 113 N.C. 521;Latimer v. Waddell, 119 N.C. 370; Wool v. Fleetwood, 136 N.C. 461;Schwren v. Falls, 170 N.C. 251. The grantors, then, conveyed the home place to B. H. Stokes during his natural life, and then to his heirs, and thereby vested in their grantee a fee simple under the rule in Shelley's
case. Tucker v. Williams, 117 N.C. 119; Nichols v. Gladden, ib., 498;Tyson v. Sinclair, 138 N.C. 24; Smith v. Smith, 173 N.C. 124; Nobles v.Nobles, 177 N.C. 243.
The judgment is
Affirmed.
 Cited: Williams v. McPherson, 216 N.C. 566; Whitson v. Barnett, 237 N.C. 486.