### J. W. BURROUGHS AND E. K. POWE, JR., v. H. V. UMSTEAD AND WIFE, HATTIE FREELAND UMSTEAD.

(Filed 13 April, 1927.)

**Reference—Trial by Jury—Waiver.**

> By not excepting to a compulsory order of reference, and by failing to appear before the referee upon due notification of the hearings, a party waives his right to assert that the reference was not authorized by the statute, and upon the failure to tender issues for the jury upon the findings, the right to a trial by jury is also waived.

APPEAL by defendants from *Clifford, Emergency Judge,* at September Term, 1926, of DURHAM. Affirmed.

*Victor S. Bryant for plaintiffs.*
*R. O. Everett for defendants.*

PER CURIAM. This cause, with others which defendants' attorney appeared in, was referred by the judge presiding at November Term, 1925, to Beverly S. Royster, Jr. The order states that "said causes involve accounts . . . and it appearing to the court that said causes ought to be referred." The referee was ordered to fix the time and place for the hearing, notify counsel, giving at least five days notice before the hearing, and to find the facts and report to the court said findings and conclusions of law. Defendants had no actual notice of the order of reference in this cause, and the only notice was constructive by reason of the case being on the docket in the Superior Court. Defendants at the time made no exception.

The referee notified defendants' attorney on 1 December, 1925, that a hearing would be had on 9 December, 1925. No complaint was made to the reference when defendants were notified by the referee or exceptions taken, but defendants' attorney stated in the letter to the referee, dated 3 December, 1925, "I will try them at some later date if you will find it agreeable to your convenience to have the matter heard." The referee, in compliance with the request, postponed the hearing.

On 18 February, 1926, the referee notified the defendants' attorney that he expected to be in Durham on Thursday and Friday, 25 and 26 February, 1926, for the purpose of hearing the cases referred to him by the judge, and to arrange to be present to look after the ones in which he was interested.

On 19 February, 1926, defendants' attorney advised the referee that he would look after the matter referred to him by the judge on the dates mentioned if it was convenient.

The referee had the hearing, defendants' attorney not appearing, and made a report, finding for plaintiffs. The report of the referee was filed about 7 May, 1926. On 1 June, 1926, defendants for the first time filed certain exceptions and demanded a jury trial.

At the September Term, 1926, the defendants excepted to the report of the referee and moved (1) that the order of 6 November, 1925, be stricken out, as there was no authority under the law to order a compulsory reference; (2) it did not appear when the referee's report was filed and the witness' testimony was not subscribed to as required by the statute, (3) and original order of reference was made without notice and demand for a jury trial. These exceptions were all overruled by the court below and judgment rendered for plaintiffs. Defendants assigned errors and appealed to the Supreme Court.

Defendants contend "The sole question presented by this appeal concerns the right of a judge to make a compulsory reference."

From the record, we think the assignments of error cannot be sustained, and the sole question presented, if in the beginning tenable, lost by waiver. The defendants had notice of the reference twice, asked for a continuance to a later date, and when notified of that date did not appear, and the referee heard the evidence and made his report of the finding of facts and conclusion of law, and thereon rendered judgment for plaintiffs. The silence gave consent, and defendants, from the facts and circumstances of this case, have waived and are estopped to assert the rights now contended for. *Driller Co. v. Worth,* 117 N. C., 515; *Simpson v. Scronce,* 152 N. C., 594; *Baker v. Edwards,* 176 N. C., 229; *Armstrong v. Polakavetz,* 191 N. C., 731; *Jenkins v. Parker,* 192 N. C., 188.

In the present case the defendants tendered no issues on the exceptions filed by them, and if the exceptions had been filed at the proper time, yet this failure to tender issues on the controverted facts was a waiver of the right to jury trial. *Simpson v. Scronce, supra.*

The judgment below is

Affirmed.

BROGDEN, J., did not sit, and took no part in the decision of this case.