E. H. WALLER ET AL. v. C. A. DUDLEY, JR.

(Filed 25 June, 1927.)

**1. Reference—Boundaries—Dividing Line—Statutes.**

A compulsory reference may be ordered by the trial judge in an action involving the true location of a dividing line between the owners of adjoining lands, in an action of trespass, and the wrongful cutting of timber, where the location of the line is complicated or requires a personal view of the premises. C. S., 573 (3).

**2. Trespass—Boundaries—Dividing Lines—Parties.**

In an action for trespass upon the plaintiff's lands and damages for the unlawful cutting and removing of timber trees, etc., growing upon the lands in dispute involving the question of the true dividing line between the adjoining lands of the parties, the question as to defendant's like trespass upon other lands and damges to the owners does not arise, and it is not error for the trial judge to refuse to make other parties to the action, or exclude evidence of their boundaries.

APPEAL by defendant from *Devin, J.,* at November Term, 1926, of LENOIR.

Civil action in trespass to recover damages for an alleged wrongful cutting of plaintiff's timber.

A question of boundary being involved, the cause was referred under the statute to Hon. D. M. Clark, who heard the evidence, found the facts and made his report to the court. In said report the dividing line between the lands of the plaintiffs and the defendant was established and the plaintiffs awarded $796 as damages for the wrongful cutting of their timber by the defendant. On exceptions duly filed and demand for a jury trial, the following issues were submitted to the jury:

"1. Did the defendant trespass upon the lands of plaintiffs and cut and remove therefrom cord wood and timber trees as alleged? Answer: Yes.

"2. If so, what damages, if any, are plaintiffs entitled to recover? Answer: $450."

From a judgment on the verdict in favor of plaintiffs, the defendant appeals, assigning errors.

*Rouse & Rouse and Sutton & Greene for plaintiffs.*
*Shaw & Jones for defendant.*

STACY, C. J. The first exception imputes error to the trial court in ordering a reference in this case. The exception is without merit. C. S., 573, provides for a compulsory reference, "3. Where the case involves a complicated question of boundary, or one which requires a personal view of the premises." *Kelly v. Lumber Co.,* 157 N. C., 175. See, also, *Burroughs v. Umstead,* 193 N. C., 842.

The defendant next complains at the action of the trial court in refusing "to make those persons who own property adjoining the mill-pond parties to this action." So far as appears from the record, no error seems to have been committed in this ruling. Simply because other lands, like those belonging to the plaintiffs and the defendant, border on the mill-pond, is no reason why the owners of such other lands should be made parties to an action involving the right to cut timber trees along the dividing line between plaintiffs' and defendant's lands. They may or may not have had some reason to prefer that the defendant win this suit, but they apparently have no legal interest in the subject-matter of the controversy.

Likewise, the ruling of the trial court in excluding evidence tending to show the boundaries of such other lands along the mill-pond is without significance on the present record.

The remaining exceptions, which have not been abandoned, are equally untenable and cannot be sustained. See 193 N. C., at pages 354 and 749 for two opinions written in this same case dealing with questions of procedure on appeal.

No error.