CHARITY ELLEN BARNES v. SALLIE BEST AND JOHNNIE BEST.

(Filed 27 February, 1929.)

**1. Wills—Construction—Estates and Interests Created—Rule in Shelley's Case.**

A devise of an estate to the testator's wife for life then to his daughter "and to her heirs lives of her body, if no living heirs of her body at her death" with limitation over: *Held*, the words "no living heirs of her body at her death" are construed as *discriptio personarum* of those who are to take according to the intent of the testator and there being no children of the daughter, the limitation over takes effect as the stock of a new descent, by purchase, and the rule in *Shelley's case* has no application.

**2. Same.**

A devise of a life estate to the wife of the testator and then to his daughter "and to her heirs lives of her body, if no living heirs of her body at her death, to B.": *Held*, assuming that the daughter was to take a base or qualified fee under the will, upon her death without children B. took a fee-simple estate in the lands unaffected by the rule in *Shelley's case*.

APPEAL by defendants from *Midyette, J.*, at January Term, 1929, of WAYNE.

Civil action to determine title to real estate, submitted on an agreed statement of facts.

It was agreed that if, under the facts submitted, the court was of opinion the plaintiff is the owner of the land in question, judgment should be entered so declaratory of her rights, but, if the court should be of opinion that the defendants are the owners of said land, then judgment to that effect should be rendered; in either case, however, the judgment to be binding on all the parties.

The court being of opinion that the plaintiff is the owner of the lands in question and entitled to the immediate possession thereof, entered judgment accordingly, from which the defendants appeal, assigning errors.

*Langston, Allen & Taylor for plaintiff.*
*Wellons & Wellons for defendants.*

STACY, C. J.  On the facts agreed, the question presented was properly made to depend upon the construction of the following item in the will of Bennett Barnes:

"Item 4. After the death of my wife, Saletha Barnes, I give unto my daughter, Polly Ann Barnes, all my estate real and personal not already given away in legacies to her and to her heirs lives of her body, if no living heirs of her body at her death, all my land east of the road leading from upper Black Creek Church to Memorial Church to Charity Ellen Barnes, daughter of Edwin H. Barnes, and all west of said road to G. F. Watson."

The case states that Saletha Barnes, widow of Bennett Barnes, died several years ago, and that Polly Ann Barnes (now Polly Ann Barnes Watson), daughter of testator, died during the year 1928, without leaving any child or children her surviving, as no child was ever born to her.  She did leave a will, however, in which she devised all of her property to John M. Best and wife, Sallie Best.  It is under this will that the defendants claim title to all the Bennett Barnes land "lying on the east side of the road leading from upper Black Creek Church to Memorial Church."

Charity Ellen Barnes, on the other hand, contends that she is the owner of said land by reason of the ulterior limitation contained in Item 4 of the will of Bennett Barnes.

It is conceded that the controversy between the parties depends upon whether the limitations in the above clause of the will of Bennett Barnes "to Polly Ann Barnes and to her heirs, lives of her body, if no living heirs of her body at her death, to Charity Ellen Barnes," are so framed as to attract the rule in *Shelley's case* and thus vest in Polly Ann Barnes a fee-simple estate in all the land owned by her father at the time of his death, which lies on the east side of the road leading from Upper Black Creek Church to Memorial Church.

His Honor was of opinion that the limitation "to Polly Ann Barnes and to her heirs, lives of her body, if no living heirs of her body at her death, to Charity Ellen Barnes," did not call for the application of the rule in *Shelley's case,* and in this we are disposed to concur.

It has been held in a number of cases that when words of explanation are superadded or annexed to the words "heirs" or "heirs of the body," indicating an intention on the part of the grantor or testator to use said terms in a qualified sense, as a mere *descriptio personarum* or particular description of certain individuals, who are themselves to become the roots of a new inheritance or the stock of a new descent, then, in all

such cases, the words "heirs" or "heirs of the body" are to be treated as words of purchase and not words of limitation of the estate of the ancestor. *Hampton v. Griggs,* 184 N. C., 13, 113 S. E., 501; *Ford v. McBrayer,* 171 N. C., 420, 88 S. E., 736; *Smith v. Proctor,* 139 N. C., 314, 51 S. E., 889.

But, without pursuing the arguments, elaborated in briefs of counsel, we deem it sufficient to say that the limitation to the heirs of Polly Ann Barnes, "lives of her body," does not appear to be "after the similitude of a remainder," hence the rule in *Shelley's case* would seem to have no application to the provisions of the will now under consideration. *Benton v. Baucom,* 192 N. C., 630, 135 S. E., 629.

Assuming that Polly Ann Barnes took a base or qualified fee in the property in question, this, under the terms of her father's will, was to be defeated upon her dying without children, "lives of her body," living at her death, and in such event, which has happened, the *locus in quo* was to go to Charity Ellen Barnes. His Honor so held, and the judgment is

Affirmed.