W. HASSELL GURGANUS, VELMA L. GURGANUS, AND FRANCES V. GURGANUS v. BETTIE BULLOCK.

(Filed 4 November, 1936.)

**Deeds C c—Rule in Shelley's case held not to apply to deed in this case.**

A deed to G. for life "and then to his heirs, if any; if no heirs, to return to his brothers, . . . to have and to hold during his lifetime and then to his lawful heirs of his body, tho, if the said G. should die without a lawful heir of his body, then the aforesaid tract or parcel of land shall return to his brothers," *is held* to grant a life estate to G., the rule in *Shelley's case* not applying, and upon his death his children take title thereto in fee as against the grantee in a deed in fee executed by G.

APPEAL by the defendant from *Sinclair, J.,* at September Term, 1936, of PITT. Affirmed.

*S. J. Everett for plaintiffs, appellees.*
*Elbert S. Peel for defendant, appellant.*

PER CURIAM. This is a controversy without action, submitted to the court under C. S., 626.

The salient facts are that on 9 October, 1903, George D. Gurganus and wife, Anis Gurganus, conveyed a certain piece and parcel of land to H. D. Gurganus by deed, the material parts of which are as follows:

"That I, Geo. D. Gurganus and wife, Anis Gurganus, for the love and affection that the said Geo. D. Gurganus and wife, Anis, have for the said H. D. Gurganus, they do lend unto the said H. D. Gurganus, a certain tract or parcel of land unto the said H. D. Gurganus, his lifetime and then to his heirs, if any; if no heirs, to return to his brothers, viz.: (Here follows description of the land.)

"To have and to hold during his lifetime and then to his lawful heirs of his body, tho, if the said H. D. Gurganus should die without a lawful heir of his body, then the aforesaid tract or parcel of land shall return to his brothers."

H. D. Gurganus executed a deed purporting to convey a fee simple title to the land described in the aforementioned deed, and the grantee therein held the said land under said deed until the death of the said H. D. Gurganus.

H. D. Gurganus, after the execution of the aforesaid deed, died, leaving the plaintiffs as his children and bodily heirs.

The plaintiffs agreed to sell and the defendant agreed to purchase the land, and the plaintiffs have tendered a deed therefor in regular form, properly executed, and have demanded the payment of the agreed price. The defendant has refused to accept the deed, contending that under the wording of the above quoted deed to H. D. Gurganus, he, the said H. D. Gurganus, took a fee simple title to the land, and that the deed which he subsequently executed passed a fee simple title to the land, and that the plaintiffs, his children and bodily heirs, have no interest therein.

The question presented on this appeal is whether, under the above quoted deed to H. D. Gurganus, he took a life estate or a fee simple title to the land therein described.

The defendant contends that the rule in *Shelley's case* applies and that H. D. Gurganus took a fee simple title to the land described in the above quoted deed, and the plaintiffs contend that the rule in *Shelley's case* does not apply and that H. D. Gurganus took only a life estate to said land.

His Honor was of the opinion that the rule in *Shelley's case* did not apply, and that H. D. Gurganus took only a life estate in the land described and upon his death the plaintiffs, as the children and bodily heirs of the said H. D. Gurganus, held a fee simple title to the land, and adjudged "that the plaintiffs are the holders of the title to the land in fee and can convey title therein in fee simple, and upon the plaintiffs tendering a duly executed deed in fee simple, the defendant is directed to accept same and pay the agreed consideration."

Upon the authority of *Puckett v. Morgan*, 158 N. C., 344, and cases therein cited, the holding and judgment of his Honor are

Affirmed.