### DELL GLOVER v. CARL GLOVER.

(Filed 22 March, 1944.)

**Estates § 5: Deeds § 13b—**

> A conveyance to one for "his lifetime, and at his death to his heirs, if any, his heirs," invokes the application of the rule in *Shelley's case* and vests a fee in the first taker. The use of the phrase "if any" does not prevent the application of the rule, since there is no limitation over.

APPEAL by defendant from *Dixon, Special Judge,* at November Term, 1943, of JOHNSTON. Affirmed.

This was a controversy without action, submitted on an agreed statement of facts, to determine the title to land, the subject of a contract to convey. From judgment that plaintiff's deed would convey a good title, defendant appealed.

*Wellons, Martin & Wellons for plaintiff.*
*Parker & Lee for defendant.*

DEVIN, J. Plaintiff derived his title to the described land under a deed conveying the land "to him his lifetime, and at his death to his heirs, if any, his heirs and assigns." The word "assigns" was stricken through with a pen. Apparently the repetition of the word heirs and the crossing out of the word assigns was occasioned by the use of a printed form in drawing the deed.

We think the word heirs used in the premises and *habendum* of plaintiff's deed must be construed in its technical sense as indicating those who are to take in inheritable succession, rather than as meaning children or issue. The intention of the grantor is to be ascertained from the language used in the deed, interpreted in accord with the well established rules of law applicable thereto. *Williamson v. Cox,* 218 N. C., 177, 10 S. E. (2d), 662. The conveyance is to the plaintiff for "his lifetime," and in the same conveyance the remainder is to his heirs general. This invoked the application of the rule in *Shelley's case,* and vested the fee in the first taker. *Martin v. Knowles,* 195 N. C., 427, 142 S. E., 313; *Benton v. Baucom,* 192 N. C., 630, 135 S. E., 629. The use of the phrase "if any," following the word heirs may not be held to prevent the application of the rule, since there is no limitation over. This distinguishes this case from *Puckett v. Morgan,* 158 N. C., 344, 74 S. E., 15, and *Jones v. Whichard,* 163 N. C., 241, 79 S. E., 503, relied on by defendant.

We think the court below has ruled correctly, and the judgment on the facts agreed is

Affirmed.