GEORGE T. CHANDLER v. H. C. CAMERON AND CARL CAMERON.

(Filed 19 March, 1947.)

1. Injunctions § 8—

Defendants claim under a registered paper writing insufficient to constitute a deed, but effectual in law as a contract to convey the merchantable timber on the tract of land in question. The instrument was executed by only one tenant in common, but defendants contended he was acting for himself and as agent for his cotenants. Plaintiff claims under a subsequently executed timber deed executed by all the tenants in common. *Held:* On the record plaintiff has a *prima facie* title to at least a two-thirds interest in the timber, and he is entitled to have the temporary order restraining defendants from further cutting and removing timber continued to the hearing. G. S., 1-487.

2. Injunctions § 8½—

Under G. S., 1-488, the judge may enter an order permitting the cutting of timber pending final determination of the controversy upon the filing of bond only in the event the court finds that one of the parties is clearly an interloper without a *bona fide* claim of right and that the other party is acting in good faith under a title *prima facie* valid, and it is error for the court to enter such order when the court fails to make such findings but finds to the contrary that the party against whom the order is entered is acting in good faith under a paper writing purporting to convey an interest in the timber.

CHANDLER *v.* CAMERON.

**3. Vendor and Purchaser § 2—**

A recorded paper writing executed by one tenant in common which purports to convey the merchantable timber on lands held in common and which provides that the balance of the purchase price should become due upon delivery of timber deed, though ineffectual as conveyance because of the want of a seal, is nevertheless effective as a contract to convey, enforceable in equity, at least against the tenant executing same and those claiming under him by subsequently recorded conveyance.

APPEAL by defendants from *Williams, J.,* in Chambers, 30 December, 1946. From HARNETT. Modified and affirmed.

Civil action to restrain an alleged continuing trespass on real property.

On 14 November, 1946, Eugene, Lewis, and Edward C. McLeod were the owners, as tenants in common, of a certain tract of land in Harnett County on which there was valuable timber. On that date Eugene McLeod executed and delivered to H. C. Cameron a paper writing in words and figures as follows:

"We do hereby sell and convey all the merchantable timber to H. C. Cameron for the sum of $1,500.00, receipt of $1.00 is hereby acknowledged, the balance of $1,499.00 will be due and payable by H. C. Cameron upon delivery of timber deed.. The said timber being located on the lands of L. M. McLeod Heirs and adjoining lands of Hoyle Kelly, Gales and Layton, and others, and measuring 8 in. dia.· This conveyance is made this Nov. 14, 1946."

This instrument was duly recorded 16 December, 1946. Defendants allege and contend that Eugene McLeod, in executing this paper writing, was acting for himself and as agent of his cotenants.

On 14 December, 1946, the three McLeods, tenants in common, executed a timber deed conveying the merchantable timber on said land to plaintiff. This deed was filed for registration 18 December, 1946, and recorded 19 December, 1946. At the time of the execution and delivery of this deed defendants had entered upon said land and were cutting and removing the timber therefrom.

Plaintiff instituted this action for a permanent injunction. A temporary restraining order was issued. On the return date of the notice to show cause the judge, "being of the opinion and so finding on this showing that the plaintiff has legal title to the timber subject to such rights as the said paper writing may give to the said H. C. Cameron, and that the said H. C. Cameron *bona fide* claims under said paper writing," entered an order continuing the restraining order to the final hearing but providing, however, upon the execution of bond in the sum of $3,000, the plaintiff may "enter upon said lands and begin cutting said timber." Defendant excepted and appealed.

CHANDLER *v.* CAMERON.

*Charles Ross for plaintiff, appellee.*
*M. O. Lee and K. R. Hoyle for defendants, appellants.*

BARNHILL, J.   The contention of the defendants that the court below should have dissolved the temporary restraining order cannot be sustained.   The plaintiff holds a deed which, on the face of the record, conveys at least a two-thirds interest in the timber.   Whether the instrument relied on by defendants in fact creates a prior claim to all the timber is yet to be decided.   While we express no opinion in respect thereto, we concur in the conclusion of the court below that plaintiff has a *prima facie* vested interest which should be protected pending the final determination of the issues raised by the pleadings.

Thus the one question presented for decision is this: Did the court below, on the facts found, have authority to permit plaintiff, upon the execution of the required bond, to enter upon the premises and cut the timber thereon pending final determination of the action?   We must answer in the negative.

In 1901 the law controlling the right to injunctive relief against a continuing trespass in the form of cutting and removing timber trees was substantially modified.   Chap. 666, P. L. 1901.   (For a brief review of the law of injunctions in such cases prior to that date see *Lumber Co. v. Cedar Co.,* 142 N. C., 411.)

Section 1 of said Act, now G. S., 1-487, provides that whenever in an action to restrain a continuing trespass in the form of cutting and removing timber trees "the court finds as a fact that there is a *bona fide* contention on both sides based upon evidence constituting a *prima facie* title" the judge shall not permit either party to cut said trees (except by consent) until the title to said trees has been finally determined in such action.

Section 2 thereof, now G. S., 1-488, vests the judge with discretionary power to permit the party who convinces the court of the *bona fides* of his contention and offers evidence "showing a *prima facie* title" to cut the timber in controversy pending the action upon the giving of bond as required by law, provided the court finds as a fact that the contention of the adversary party "is not in good faith and is not based upon evidence constituting a *prima facie* title."

Since the enactment of this statute the cutting of timber which is the subject matter of the action may be permitted only in the event one of the parties is clearly an interloper without a *bona fide* claim of right and the other acts in good faith under a title *prima facie* valid.   To support an order to that effect the judge must so find and incorporate such finding in his judgment.   *Johnson v. Duvall,* 135 N. C., 642; *Lumber Co. v. Cedar Co., supra; Kelly v. Lumber Co.,* 157 N. C., 175, 72 S. E., 957.

Here the court below made no such finding. On the contrary it found that the defendants are acting in good faith under the paper writing executed by Eugene McLeod. This instrument is not valid as a conveyance for want of a seal. It will, however, operate as a contract to convey, enforceable in equity, at least against Eugene McLeod and those claiming under him by conveyance subsequently recorded. *Willis v. Anderson,* 188 N. C., 479, 124 S. E., 834; *Robinson v. Daughtry,* 171 N. C., 200, 88 S. E., 252; *Vaught v. Williams,* 177 N. C., 77, 97 S. E., 737; *Lumber Co. v. Corey,* 140 N. C., 462. Hence the provisions of G. S., 1-487, are controlling.

It follows that the judgment below must be modified in accordance with this opinion. As so modified it is affirmed.

Modified and affirmed.