S. PRENTISS McKAY (Unmarried) v. H. C. CAMERON, JR., and C. C. (LUM) CUMMINGS.

(Filed 29 March, 1950.)

**1. Evidence § 39—**

Where there is no latent ambiguity in a deed and no equity invoked, parol evidence to explain or alter the instrument, is incompetent.

**2. Deeds § 22—**

A deed for timber of a specified size, with full right of ingress and egress to a specified date, with further provision that if grantee should

not commence to cut timber within the time specified the deed should become null and void, *is held*, as a matter of legal construction, to give the grantee a reasonable time to cut and remove the timber covered by the deed after the expiration of the time stipulated.

Plaintiff's appeal from *Morris, J.,* February Term, 1950, Harnett Superior Court.

*Neill McK. Salmon for plaintiff, appellant.*
*Chas. Ross and Neill McK. Ross for defendants, appellees.*

Seawell, J.   The plaintiff, owner of certain described lands in Harnett County, made a deed to S. V. Stevens conveying all the pine, oak and poplar trees of certain dimensions on the tract described, with provisions for ingress and egress for cutting and removing the timber.   With respect to time the following limitations occur:

> "Together with full right and privilege for and during the period 27 (twenty-seven) months to March 19, 1949, from the date of this conveyance, in person or through his agents or servants, to enter upon said lands, and pass and repass over the same at will, on foot or with teams and conveyances, to cut and remove said timber, and to construct and operate any roads, tramways or railroads over and upon said lands, as the said party of the second part, his heirs and assigns, may construct upon and over the said lands so long as they may so desire, either for the removal of said timber or any other purpose."
> "It is understood and agreed by the said party of the first part that the said party of the second part, his heirs and assigns, shall have until March 19, 1949, or 27 months from date of this conveyance, to commence the cutting and removing of the said timber, and in case the same is not commenced within that time, then this conveyance, and all agreements and provisions hereof, are to be null and void."

Subsequently Stevens sold and conveyed the timber to the defendant Cameron in a deed of like character, passing to the grantee all the right, title and interest he had under the conveyance of McKay to him, and no more.

The defendant entered upon the lands prior to March 19, 1949, and began cutting and removing timber.   On March 21, thereafter, plaintiff began this action for permanent injunction against the defendant to restrain him from cutting and removing the timber and obtained a tempo-

rary restraining order. The summons, complaint and restraining order were served March 21, 1949.

The matter came on for a hearing before Judge Chester Morris at February Term, 1950, of Harnett County Superior Court and was heard upon stipulations of fact and under an agreement that Judge Morris should hear and determine the controversy without a jury, and consent by parties that he might sign judgment out of term and out of the county.

At the hearing plaintiff offered evidence in parol by Stevens, the first grantee, to the effect (a) that it was understood between the parties to that deed that the grantee had only unil March 19, 1949, to complete the cutting and removing of the timber and (b) that he had informed the defendant of that understanding at the time he had conveyed to him and that he conveyed with that understanding. All this evidence was rejected and plaintiff excepted.

The controversy turned on the proper construction of the provisions in the Stevens-Cameron deed, which are the same as those in the McKay-Stevens deed above noted.

Construing the deed Judge Morris entered judgment, finding against the plaintiff, adjudging the defendant to have the right to continue the cutting of the timber, dissolved the restraining order, and retained the cause for inquest of damages allegedly sustained by defendant by reason of the restraint of his operations.

1. The parol evidence offered by plaintiff was addressed to the intent and understanding of the parties at the time the McKay-Stevens deed was made and delivered, sought to be imposed on the phraseology used in the deed, and was properly excluded. *Glover v. Glover,* 224 N.C. 152, 29 S.E. 2d 350; *Flynt v. Conrad,* 61 N.C. 190.

There is no latent ambiguity in the deed, and no equity pleaded or involved, which could form an exception to the rule (of Hornbook quality) rejecting parol evidence to explain or alter an instrument required to be in writing.

Such a writing is not merely a memorandum to refresh the memory of witnesses; it is a memorial which eschews and survives the faulty memory of men and speaks the truth without prejudice or bias. If subject to unlimited attack by parol the writing would become a mere ritual, affording no security for the rights which it is designed to protect.

In passing on the intent and effect of these conveyances, which must be gotten from the four corners of the instrument, we are guided by the rule that in resolution of doubt in interpretation the instrument must be construed most favorably to the grantee; *Sheets v. Walsh,* 217 N.C. 32, 38, 6 S.E. 2d 817; *Brown v. Brown,* 168 N.C. 4, 10, 84 S.E. 25; *Krites v. Plott,* 222 N.C. 679, 681, 24 S.E. 2d 531.

The construction put upon the deed in the court below must be approved. It follows that the defendant, the grantee by *mesne* conveyance, having entered on the premises within the designated time and begun the operation, has, under applicable decisions of this Court, a reasonable time to cut and remove the timber covered by the deed. *Chandler v. Cameron,* 227 N.C. 233, 41 S.E. 2d 753; *Bunch v. Lumber Co.,* 134 N.C. 116, 46 S.E. 24; *Hawkins v. Lumber Co.,* 139 N.C. 160, 51 S.E. 852; *Krites v. Plott, supra.*

We find no error in the proceeding in the court below, and the judgment rendered therein is

Affirmed.