ROY WHITSON AND WIFE, ARBA WHITSON, v. GUS BARNETT.

(Filed 8 April, 1953.)

**1. Deeds § 13b—**

The rule in *Shelley's case* does not apply when it is apparent from the language employed in the instrument that the words "bodily heirs" or "heirs of the body" of the first taker are not used in their technical sense as heirs general, but mean children or designate particular persons.

**2. Same—**

A deed to a person, "and bodily heirs, and their heirs and assigns," with like provision in the *habendum* and warranty, *is held* to convey the land to such person and his children, it being apparent from the language of the instrument that the words "bodily heirs" were intended to mean children and not heirs general in the technical sense.

**3. Deeds § 12a—**

A clause inserted in a deed following the description of the land may not be construed to defeat the meaning of the language used in the granting clause.

APPEAL by defendant from *McLean, Special Judge,* September Term, 1952, of MITCHELL. Reversed.

This was a controversy without action (G.S. 1-250) to determine the title to land, the subject of a contract to convey. The defendant declined to accept plaintiffs' deed and pay the purchase price for the reason alleged that plaintiffs' title was defective.

The plaintiffs derive their title under a deed which purports to convey the land to Roy Whitson and his bodily heirs and their heirs and assigns. In the deed in the premises the grantees are designated as "Roy Whitson and his Bodily heirs," and in the granting clause the conveyance is made "to Roy Whitson and Bodily heirs, and their heirs and assigns." In the *habendum* it is to "Roy Whitson and Bodily heirs and assigns," and the warranty is to "Roy Whitson and Bodily heirs and their heirs and assigns." Inserted in the deed, following the description of the land, is the condition that "Roy Whitson is not to sell during our life without our consent." Roy Whitson is the father of four children. The grantors are dead.

The court held the deed tendered by plaintiffs was sufficient to convey the entire interest in the land in fee simple, and so adjudged. Defendant appealed.

*W. E. Anglin for plaintiffs, appellees.*
*C. P. Randolph and J. M. Gouge for defendant, appellant.*

DEVIN, C. J. Does a deed "to Roy Whitson and Bodily heirs, and their heirs and assigns" enable Roy Whitson to convey the entire interest in the land in fee simple?

Unquestionably if the expression in the granting clause of the deed had been to Roy Whitson and his bodily heirs, and no more, by virtue of the statute G.S. 41-1, and under the uniform decisions of this Court, Roy Whitson would have acquired and could convey an unexceptionable title. *Whitley v. Arenson,* 219 N.C. 121, 12 S.E. 2d 906; *Bank v. Dortch,* 186 N.C. 510, 120 S.E. 60; *Revis v. Murphy,* 172 N.C. 579, 90 S.E. 573;

*Marsh v. Griffin,* 136 N.C. 333, 48 S.E. 735. But from the repeated use of the words "to Roy Whitson and Bodily heirs, and their heirs and assigns," the conclusion seems inescapable that the words "Bodily heirs" were used in the sense of issue or children, and not in the technical sense as words of limitation.

The plaintiffs contend that the rule in *Shelley's case* applies here, and that under the rule the effect of the conveyance to Roy Whitson and his bodily heirs is to vest in the grantee a fee simple estate. This rule, which has become imbedded in our law as a rule of property as well as a rule of law, requires that that when by conveyance the ancestor takes an estate of freehold and by the same conveyance an estate is limited mediately or immediately to his heirs in fee or in tail the words heirs or bodily heirs are regarded as words of limitation of the estate and not of purchase. *Benton v. Baucom,* 192 N.C. 630, 135 S.E. 629. But when the intent of the grantor as ascertained from the language of the deed is to use the words heirs or bodily heirs as designation of certain persons, the rule does not apply.

In *Wallace v. Wallace,* 181 N.C. 158, 106 S.E. 501, the conveyance was to C. A. Wallace for life "and after the death of C. A. Wallace the land is to descend in fee simple to his bodily heirs, if any, and if none, to go to his next of kin." It was held in that case that the rule in *Shelley's case* did not apply, and that the language used could not be construed to convey a fee simple title to C. A. Wallace. It was pointed out that if it appears by correct construction that the words bodily heirs are not used in the technical sense as conveying the estate to the entire line of heirs of the first taker, as inheritors under the canons of descent, but as words designating certain persons the rule does not apply. *Swindell v. Smaw,* 156 N.C. 1, 72 S.E. 1; *Puckett v. Morgan,* 158 N.C. 344, 74 S.E. 15; *Jones v. Whichard,* 163 N.C. 241, 79 S.E. 503; *Ford v. McBrayer,* 171 N.C. 420, 88 S.E. 736; *Williams v. Blizzard,* 176 N.C. 146, 96 S.E. 957; *Hutton v. Horton,* 178 N.C. 548, 101 S.E. 279; *Blackledge v. Simmons,* 180 N.C. 535, 105 S.E. 202; *Willis v. Trust Co.,* 183 N.C. 267, 111 S.E. 163; *Hampton v. Griggs,* 184 N.C. 13, 113 S.E. 501; *Fillyaw v. Van Lear,* 188 N.C. 772, 125 S.E. 544; *Williams v. Sasser,* 191 N.C. 453, 132 S.E. 278; *Barnes v. Best,* 196 N.C. 668, 146 S.E. 710; *Gurganus v. Bullock,* 210 N.C. 670, 188 S.E. 85; *Matthews v. Matthews,* 214 N.C. 204, 198 S.E. 663; *Turpin v. Jarrett,* 226 N.C. 135, 37 S.E. 2d 124; *Conrad v. Goss,* 227 N.C. 470, 42 S.E. 2d 609; *Williams v. Johnson,* 228 N.C. 732, 47 S.E. 2d 24; *Trust Co. v. Waddell,* 234 N.C. 34, 65 S.E. 2d 317; 26 C.J.S. 418; 47 A.J. 800-801.

Where the conveyance is to the first taker for life and then by whatever language employed to his bodily heirs or heirs of his body, the rule applies and the first taker acquires a fee, as illustrated in the cases cited by plain-

tiffs. *Lide v. Mears,* 231 N.C. 111, 56 S.E. 2d 404; *Hartman v. Flynn,* 189 N.C. 452, 127 S.E. 517; *Marsh v. Griffin,* 136 N.C. 333, 48 S.E. 735; *Pittman v Stanley,* 231 N.C. 327, 56 S.E. 2d 657. But where it is apparent from the deed that the words bodily heirs were not intended to be used in the technical sense as heirs general but as meaning children the rule in *Shelley's case* does not control. *Wallace v. Wallace, supra.*

In all cases the cardinal rule prevails that the intention of the grantor is to be ascertained from the language used in the deed, interpreted in accord with the well established rules of law applicable thereto. *Williamson v. Cox,* 218 N.C. 177, 10 S.E. 2d 662; *Glover v. Glover,* 224 N.C. 152, 29 S.E. 2d 350; *Williams v. Johnson,* 228 N.C. 732, 47 S.E. 2d 24. It is the duty of the Court to give to the words of the deed their legal significance unless it is apparent from the deed itself that they were used in some other sense. *May v. Lewis,* 132 N.C. 115, 43 S.E. 550.

In the deed under which the plaintiffs in the instant case acquired title to the land, in the granting clause, which "is the very essence of the contract" (*Bryant v. Shields,* 220 N.C. 628, 18 S.E. 2d 157), the conveyance is made "to Roy Whitson and Bodily heirs, and their heirs and assigns." Roy Whitson was the father of four children. Construing the language and the form of expression employed, we think the words "Bodily heirs" were intended to mean children and not heirs general in the technical sense. If we interpret the words used to mean "to Roy Whitson and children, and their heirs and assigns," we think the purpose of the grantors is made to appear and the phrases fit together understandably. We note the conveyance is not to Roy Whitson and *his* bodily heirs, but to Roy Whitson and Bodily heirs, and *their* heirs and assigns. The clause inserted in the deed following the description of the land may not be construed to defeat the meaning of the language used in the granting clause. *Stokes v. Dixon,* 182 N.C. 323, 108 S.E. 913.

We think under the facts agreed in this case the defendant's right to decline to accept the deed executed only by Roy Whitson and wife must be upheld, and the judgment below

Reversed.