Cheshire,
Feb. 5, 1907.

## ASHUELOT NATIONAL BANK *v.* KEENE.

Whether a right of entry upon real estate before breach of a condition subsequent is transferable by will or deed, *quære.*

Where a proposition to donate real estate for a library building and public park is accepted by the municipality, a provision in the deed that the conveyance is made "upon the express condition" that the premises shall be held and used for the purposes specified does not constitute a condition subsequent, a breach of which renders the estate liable to forfeiture, when it is apparent from a consideration of all the competent evidence that the parties contemplated a conveyance upon trust, and that the words of condition were used solely to declare the purposes to which the land should be devoted.

WRIT OF ENTRY, to recover the possession of a lot of land in Keene. Trial before *Peaslee,* J., at the October term, 1905, of the superior court. The plaintiff excepted to the denial of a motion for a verdict in its favor, and also to the general verdict for the defendants.

May 7, 1890, Henry O. Coolidge, then a resident of Keene, made the following proposition to the city: "I will purchase the Perry place, so called, of the Rev. William O. White, upon the

terms agreed upon between said White and myself, and pay him for said premises the sum of $15,500, and convey said real estate to said city by good and sufficient deed, to be by said city forever owned, held, and used for the purpose of erecting and maintaining a public library building thereon and for utilizing so much thereof as is not used for library purposes for a public park, and for no other purpose whatever. Said city to take possession of said property immediately, and take and enjoy the rents and income therefrom till such reasonable time as the same shall be devoted to the uses aforesaid, provided said city will pay to me during my life, and to my wife, Emily B. Coolidge, during such time as she shall survive me, four per cent per annum upon said sum of $15,500, payable semi-annually on the first day of July and January of each year during the time aforesaid. I will also pay to said city the sum of $4,500 in money, to be by said city invested and the income therefrom used as the officers of said city may direct, until such time as it may be properly used to defray a portion of the expense of constructing a library building upon the premises aforesaid, for the purchase of books for said library, or for purchasing furniture for said library building when constructed, the same to be used for no other purpose whatever, upon condition that said city will pay me during my life, and to my wife, Emily B. Coolidge, during such time as she shall survive me, four per cent per annum upon said sum of $4,500, payable semi-annually on the first day of July and January of each year during said term. All the payments aforesaid to be made free of taxes."

On the same day the city accepted the foregoing proposition by the following joint resolution: "Resolved by the city councils of the city of Keene, as follows: That said city accept from Henry O. Coolidge his deed of the Perry place, so called, to be purchased by him of Rev. William O. White for the sum of $15,500, conveying said property to the city for the purpose of erecting and maintaining a public library building thereon and for the purpose of a public park and for no other purpose whatever. That said city also accept from said Coolidge the sum of $4,500, to be invested and eventually used by said city for the purpose of defraying a portion of the expense of constructing said library building, for the purchase of books for said library, or for furnishing said building when constructed, and for no other purpose whatever. And in consideration of said conveyance and the payment of said $4,500, said city hereby agrees to pay to said Coolidge during his life, and to his wife, Emily B. Coolidge, during such time as she shall survive him, four per cent per annum upon said sums of $15,500 and $4,500, payable on the first day of July and January,

agreeably to the terms and conditions of the proposition in writing of even date herewith made by said Coolidge to said city. And the mayor and city treasurer are hereby authorized, empowered, and instructed to execute and deliver to said Henry O. Coolidge, upon receipt of said deed and the payment of said money, the written obligation of the city of Keene to pay to him during his life, and to said Emily B. Coolidge during such time as she shall survive him, the sum of $800 per annum, free from taxes, payable semi-annually on the first day of July and January each year."

May 12, 1890, Coolidge conveyed the premises to the city by warranty deed containing, after the description of the land, the following: "Provided, however, and this deed is made upon the express condition, that said premises shall be forever held and used for the purpose of erecting and maintaining a public library building thereon and for utilizing so much thereof as is not used for library purposes for a public park, and for no other purpose whatever, said grantee to take and enjoy the rents and income therefrom until such reasonable time as the same shall be devoted to the purposes aforesaid. To have and to hold the said granted premises with all the privileges and appurtenances to the same belonging, to the said grantee and its successors, to their only proper use and benefit forever, subject to said conditions." The city accepted the deed, thereupon took possession of the premises, and has ever since held the same.

Coolidge died February 29, 1896, leaving a will in which he made the plaintiff in this action residuary legatee. The will contains no specific reference to the demanded premises. March 17, 1904, a reasonable time having elapsed within which the city should have devoted the realty to the purposes specified in the deed, the plaintiff entered upon the demanded premises for breach of condition and made demand upon the city to deliver up possession, which it refused to do. Emily B. Coolidge, widow of Henry O., is living. There was no waiver by the plaintiff of any right it possessed to enforce a forfeiture. The Perry place, so called, named in the proposition and joint resolution, is the land described in the writ in this action and therein demanded.

*Charles H. Hersey,* for the plaintiff.

*John E. Allen,* for the defendants.

BINGHAM, J. The contention of the plaintiff is that the land was conveyed to the city upon the condition that the grantor and his heirs might enter and enforce a forfeiture if the city failed

within a reasonable time to devote the property to the purposes specified in the deed; and that as the city has failed in this respect, the plaintiff, as residuary legatee under the will of Mr. Coolidge, can enforce the forfeiture the same as he might have done if living. This contention is based upon the assumption that the land was conveyed subject to a condition subsequent, and upon the legal proposition that a right of entry before breach of condition is an interest in land and assignable.

If the land was conveyed upon condition subsequent, it is at least doubtful whether a right of entry before breach is transferable by will or deed. The theory of the common law was, that when an estate in fee simple was granted upon condition subsequent, the entire estate vested in the grantee; that until entry by the grantor for breach of condition, the grantee had both the possession and right of possession; that until then the grantor had no reversionary right or interest in the granted premises and could convey none; that he had a mere possibility, capable of being exercised by him in his lifetime if the condition was broken, or by his heir upon whom after his decease it devolved as his representative, and not by way of inheritance. *Dewey* v. *Williams*, 40 N. H. 222, 227; *Dow* v. *Edes*, 58 N. H. 193; *Peaslee* v. *Tower*, 62 N. H. 434; *Hooper* v. *Cummings*, 45 Me. 359; *Guild* v. *Richards*, 16 Gray 309; *Nicoll* v. *Railroad*, 12 N. Y. 121; *Towle* v. *Remsen*, 70 N. Y. 303; *Fonda* v. *Sage*, 46 Barb. 109; *Upington* v. *Corrigan*, 151 N. Y. 143; *Southard* v. *Railroad*, 26 N. J. Law 1, 21; *Cornelius* v. *Ivins*, 26 N. J. Law 386; *Freeman* v. *Bateman*, 2 B. & Ald. 168; Gray Perp., ss. 12, 30, 31; 2 Wash. R. P., s. 955; Co. Lit. 202 a; Lit. Ten., ss. 325, 347. This view of the common law has been generally recognized and applied in this country. Cases *supra*. The single exception which has come to our notice is in Massachusetts, where the court in a case decided in 1827, and apparently without discussion of the nature of the right, held that it could be transferred by will (*Hayden* v. *Stoughton*, 25 Pick. 528); while the same court in later decisions has held that it could not be transferred by deed. *Rice* v. *Railroad*, 12 Allen 141; *Guild* v. *Richards*, 16 Gray 309. See, also, *Austin* v. *Cambridgeport Parish*, 21 Pick. 215.

But it will be unnecessary to determine the nature of the right in this case, if the conveyance was upon trust, and the words of condition in the deed were used to specify the purposes to which the land was to be devoted and not to determine the estate upon failure of the city to devote the property to those purposes. It has been held in the case of a devise of land upon condition that the devisee pay certain legacies, that the words "upon this express condition" did not create a condition for breach of which the heir

might enter, but created a trust which the devisee, taking the legal estate, would in equity be bound to perform. *Wright* v. *Wilkin*, 2 B. & S. 232. It has also been held that " a gift subject to a condition or trust for the benefit of the inhabitants of a parish or town, or of any particular class of such inhabitants, is . . . a charitable trust. *Goodman* v. *Saltash*, 7 App. Cas. 633. See, also, *Brown* v. *Concord*, 33 N. H. 285; *Attorney-General* v. *Nashua*, 67 N. H. 478; *Rolfe and Rumford Asylum* v. *Lefebre*, 69 N. H. 238.

The New Jersey court has said that " words of express condition are not inapt as introductory to a declaration of trust. Every conveyance for a charitable use is a conveyance to hold upon the trust declared, and the execution of the trust is the condition upon which the estate is taken and held, to be given effect to, not by the forfeiture of the title, but by those methods by means of which a court of equity compels the performance of such trusts." *Mills* v. *Davison*, 54 N. J. Eq. 659. And this court, in construing a deed, has said that words of condition " will not be held to have that arbitrary and technical effect and meaning, if such effect and meaning shall be found to be contrary to the intention of the parties and the policy of the law. The form of language will not necessarily control the sense, but will receive such an interpretation as circumstances and equity under those circumstances may require." *Hoyt* v. *Kimball*, 49 N. H. 322, 325. It would seem, therefore, that the question whether the conveyance was upon condition subsequent, or not, is wholly one of construction, and that its answer is to be found in the ascertainment of the intention of the parties, as expressed in the deed and the contract in pursuance of which the conveyance was made. *Weed* v. *Woods*, 71 N. H. 581.

The contract is embodied in the written proposition of Mr. Coolidge to the city and the joint resolution of the city councils accepting it. There is nothing in his proposition or its acceptance indicating an intention that the conveyance of the land or the gift of the money should be subject to forfeiture upon the failure of the city, within a reasonable time, to devote the same to library and park purposes. On the contrary, it is as manifest as language can make it that it was the wish of Mr. Coolidge that the city should use the land for its own purposes and have the benefit of the income from the money for such time as might be deemed reasonable, and that thereafter the land and the money should be held by it, not for its own corporate use and benefit, but for the benefit of the public and devoted to library and park purposes. This construction of the contract is sustained by the decision in

*Troy* v. *Haskell*, 33 N. H. 533, where the court was called upon to construe a deed of land to a town, in which after the description of the land was inserted the following clause: "Said land is to be for the use and benefit of the public, and to be improved for a public common, and no other purpose." It will be seen that the language used in that deed does not differ materially from that used in the contract between Mr. Coolidge and the city; and it was there held that the conveyance vested the legal estate in the town as trustee for the benefit of the public, and that the town took no beneficial interest in the land, but was the "instrument for carrying out the intention of the grantor."

The fact that between the description of the land and the *habendum*, in the deed to the city, there was inserted a clause providing that the conveyance was made "upon the express condition that said premises shall be forever held and used for the purpose of erecting and maintaining a public library building thereon," does not necessarily militate against the construction we have placed upon the contract and disclose a different intent. It is at most but a circumstance to be considered with the other circumstances in the case in arriving at a proper solution of the question. If the plaintiff's interpretation of the contract were right, and the words of condition in the deed were inserted for the purpose of rendering the land liable to forfeiture, the conveyance would not be in compliance with the terms of the contract, for the parties to that instrument did not so understand it. Then, again, the money given to the city was not, under the terms of the contract, subject to forfeiture, but according to its provisions might be used toward defraying the expense of constructing a library building upon the land; and if the land could be forfeited for failure of the city to use the building when constructed for library purposes, the money as well as the land would be subject to forfeiture. These circumstances, taken in connection with the further circumstances in the case,—that the conveyance was made to the city in fee, to be held by it forever, not for its own benefit, but for the use and benefit of the public, except for such time as was allowed preliminary to devoting the property to the uses designated,—that no language was used in the deed declaring that the conveyance should be void in case the purpose for which the land was conveyed should not be complied with,—and that no right was reserved to the grantor or his heirs, upon the happening of that event, to reënter and resume possession,—disclose that the conveyance was not upon condition but upon trust, and that the words of condition were inserted simply for the purpose of declaring the uses for which the land was to be held. *Hoyt* v. *Kimball, supra; Greene* v. *O'Connor*, 18 R. I. 56.

What proceedings in equity may be had against the city for enforcing the trust and to require it to devote the property to the purposes declared in the deed, we are not now called upon to consider. This action cannot be maintained. The plaintiff's exceptions are overruled.

*Judgment for the defendants.*

All concurred.