## DAVID J. WILLIAMS v. D. F. BLIZZARD.

### (Filed 9 October, 1918.)

**Estates—Gifts—Remainders—Contingent Limitations—Tenants in Common —Rule in Shelley's Case—Deeds and Conveyances—Defeasible Fee.**

A gift of land to donor's named "grandson (a young child at the time) and his lawful heirs, children, if any; if not, to his brothers and sisters. respectively," conveys to the grandson a fee-simple title, defeasible upon his dying without children, in which event it would go to his brothers and sisters, the improbability thereof in a certain instance not being considered; and by the use of the word "respectively," as placed, neither the grandson and his children nor the grandson and his brothers and sisters take as tenants in common, but distinctively as a class, depending upon the happening or non-happening of the contingency of his dying without children. The Rule in Shelley's Case has no application.

APPEAL by defendant from *Stacy, J.,* at chambers, in Clinton, 1 May, 1918.

Controversy submitted without action under Revisal, 803. The plaintiff contracted to deliver to the defendant a good and sufficient deed in fee simple, with the usual covenants, to the tract of land therein described. The defendant refused to accept said deed upon the ground that the plaintiff could not convey a fee-simple deed to said tract. The court adjudged in favor of the plaintiff, and the defendant appealed.

*H. D. Williams for plaintiff.*
*George R. Ward for defendant.*

CLARK, C. J. The question presented depends upon the construction of the following words in a deed executed by James Williams 24 May, 1847, to the plaintiff, his grandson, who was then four months of age, which conveyed to his "grandson, David Williams, and his lawful heirs, children, if any; if not, to his brothers and sisters, respectively, a certain tract of land in the county of Duplin and State aforesaid" (describing the same), with habendum, "to him, the said David Williams, and his lawful heirs, children, if any; if not, to his brothers and sisters as aforesaid, to his and their own proper use and behoof in fee simple forever," etc., with warranty clause, again repeating the same words of limitation.

The deed is inartificially drawn. The words, "David Williams, and his lawful heirs, children, if any; if not, to his brothers and sisters, respectively," are thrice repeated, *i. e.,* in the conveying clause, in the habendum, and in the warranty. We understand therefrom that the grantor had a well-defined and clear intention to convey this property to his grandson and his lawful heirs, if he left children. In such contingency a deed by him to the defendant would convey a fee simple under the Rule in Shelley's Case. But if there should be a defeasance by his leaving no children as his heirs (improbable as such contingency is on the facts in this case), then the property is to go to his brothers and sisters. It was to prevent his disposing of the property by devise or deed to others in such case that the defeasance was put into the deed. Otherwise, this thrice repeated limitation in the deed is entirely meaningless. The evident intent was to hedge the conveyance with a restriction by which the property should go to the grantee's brothers and sisters notwithstanding any deed or devise by him should he leave no children as his heirs.

The words used are contradictory of the purpose to convey the property to David Williams and his heirs generally. The use of words "children, if any; if not, to his brothers and sisters, respectively" bring

WILLIAMS *v.* BLIZZARD.

the case, we think, under the rule laid down in *Whitfield v. Garris,* 134 N. C., 24, which held, "where a testator devises realty to a grandson, and in the event of the death of the grandson without children, then the realty to descend to other grandchildren, such devise vests a fee-simple estate in the devisee, defeasible only on condition that he dies without leaving heirs of his body." The language used, "children, if any; if not" in the connection used is equivalent to saying "unto David Williams and his lawful heirs; but if he should die without children, then to his brothers and sisters." This brings the deed clearly within the line of cases which hold that the estate in the grantee is a defeasible fee simple. *Smith v. Lumber Co.,* 155 N. C., 389; *O'Neal v. Borders,* 170 N. C., 483.

The provisions in this deed are a conditional limitation. *Smith v. Brisson,* 90 N. C., 284. In the "case agreed" it is admitted that at the time of the deed, David J. Williams, then an infant four months old, had several brothers and sisters then living, two of whom still survive. He is now a man of about 72 years of age and the father of twelve living children. The object of this proceeding is evidently to test the question whether he can either devise the land or convey it in fee simple should he leave no children. It was to prevent this very thing that the provision was put in the deed that in such contingency the property shall go to the brothers and sisters of the grantee. The purpose was to keep the property in the family.

This was not an estate in the plaintiff and his children which would have made them tenants in common, as in *Heath v. Heath,* 114 N. C., 547, for the reason that the plaintiff at the date of the deed had no living children. Nor was it an estate in common between the plaintiff and his brothers and sisters, for the word "respectively" follows this clause and indicates that they were taken as a class and only in default of children.

It appears in the agreement that the defendant admits that the plaintiff has twelve living children, and that one or more of them will survive the plaintiff, but this, however, is an admission of a future event which the Court cannot act upon. While it is extremely improbable as a matter of fact that David Williams shall leave no children as his heirs, it is not an impossibility as a matter of law. The defendant evidently will run no appreciable risk, but, as we construe the instrument, David Williams cannot convey a fee simple, indefeasible, but it will be defeasible only upon the contingency of his leaving no children as his heirs, for in that event the property would go to his brothers and sisters by the express terms thrice repeated in the conveyance to him.

Reversed.