INTERNATIONAL AGRICULTURAL CORPORATION and N. L. GEORGE, TRUSTEE, v. N. M. JOHNSON.

(Filed 18 March, 1931.)

**Wills E b—In this case held: devise did not convey indefeasible fee.**

> A devise of lands to a certain son of the testator "and his bodily heirs," and if no bodily heirs then to the testator's heirs and assigns does not pass to the son an indefeasible fee-simple title to the lands described, the condition referring to the son's death with bodily heirs him surviving. *Smith v. Brisson,* 90 N. C., 284, cited and applied. *Daniel v. Bass,* 193 N. C., 294, cited and distinguished.

APPEAL by plaintiffs from *Devin, J.,* at November Term, 1930, of SAMPSON. Affirmed.

This is a controversy without action. Jacob H. Spell died in November, 1904, leaving a will containing the following clauses:

"Item 2. I reserve for my wife, Martha J. Spell, her natural life time interest for her support so long as she remains my widow.

"Item 3. I give and bequeath to my son, John Morris Spell, all my real and personal property, and his bodily heirs, and if no bodily heirs then to my heirs and assigns."

At the time of his death the testator was seized in fee simple of three tracts of land containing respectively 100 acres, 50 acres, and 33 acres. He was survived by his widow who died about ten years ago and an only son John Morris Spell, the only devisees named in the will. John Morris Spell had no children when his father died, being an unmarried youth, but in 1913 he married. Of this marriage six children were born, five of whom are now living, ranging in age from six to fifteen.

On 24 November, 1926, John Morris Spell executed and delivered to the plaintiff, International Agricultural Corporation, his promissory note in the sum of $3,267.64, due 1 January, 1927, bearing interest from date, at six per cent, no part of which has been paid except a small portion thereof, reducing the face value of said note to approximately $3,000. For the purpose of securing the payment of the note, John Morris Spell and his wife executed and delivered to N. L. George, trustee, a deed of trust conveying the three tracts of land above described, which are fully described by metes and bounds in the deed of trust, which is recorded in the office of the register of deeds of Sampson County.

The deed of trust is the first lien of record on the lands described therein. The defendant, N. M. Johnson, contracted and agreed in writing to purchase the note and deed of trust for the sum of $2,500, and the plaintiffs contracted and agreed to sell, transfer and convey without recourse to the defendant the note and deed of trust upon full payment of the agreed price, this contract being dependent upon the plaintiffs' showing that the said John Morris Spell was seized of a good and indefeasible title to the lands described in said deed of trust, subject only to the lien created by the deed of trust to N. L. George, trustee, above mentioned.

The plaintiffs have tendered to the defendant the note and deed of trust duly transferred as set forth in the contract and demanded payment to the plaintiff, the International Agricultural Corporation, of the sum of $2,500, and the defendant, N. M. Johnson, has refused to accept the note and security or to pay the sum of $2,500 upon the ground that under the will of Jacob H. Spell, his son, John Morris Spell, did not receive an indefeasible title in fee simple to said land described in said deed of trust. The defendant is ready, able and willing to perform the contract.

Upon the foregoing facts it was adjudged that John Morris Spell did not acquire an indefeasible title in fee under the will of his father. The plaintiffs excepted and appealed.

*Clifford & Williams for plaintiffs.*
*R. L. Godwin for defendant.*

ADAMS, J. Since Martha J. Spell, the testator's widow, died several years ago the second item of the will may be disregarded. The controversy involves the construction of the third clause—the devise to John Morris Spell, the testator's son. What estate did he take?

The case of *Smith v. Brisson,* 90 N. C., 284, presented for review the trial court's interpretation of the following provision in a deed executed by Rowland Mercer, Sr., to Rowland Mercer, Jr.: "For and in consideration of the natural love and affection I have for my son, Rowland Mercer, and the further sum of one dollar to him in hand paid, the receipt of which is hereby acknowledged has given, granted, bargained, sold and conveyed, and do hereby give, grant, bargain, sell and convey to the said Rowland Mercer and the heirs of his body, and if the said Rowland Mercer should have no heirs, the said land shall go to the heirs of my son James A. Mercer, all that tract of land," described as in the complaint.

In an opinion delivered by *Ashe, J.,* the Court said that the deed should be construed as if it read, "To the said Rowland Mercer and the heirs of his body, and if the said Rowland Mercer should die not having such heirs living at the time of his death, the said land shall go to the children of my son James A. Mercer." It was held that the limitation over was good.

A similar construction was given to conveyances in *Williams v. Blizzard,* 176 N. C., 146, and in *Willis v. Trust Co.,* 183 N. C., 267. These decisions are controlling in the present case. The language construed in the cases cited is easily distinguishable from that which was used in the will set out in *Daniel v. Bass,* 193 N. C., 294. Judgment

Affirmed.