C. M. BERNARD v. JOHN BOWEN AND WIFE, LUELLA BOWEN; HILORY KEY AND WIFE, JOSIE KEY; JOE WESTMORELAND AND WIFE, ANNIE WESTMORELAND; AND THE BOARD OF EDUCATION OF SURRY COUNTY.

(Filed 21 September, 1938.)

**1. Deeds § 14b—**

The right of the heirs of a grantor to reënter upon the land for breach of a condition subsequent will be deemed waived and lost by lapse of time when no action is taken for fifty-nine years after the supposed breach.

**2. Same—Facts held not to show abandonment of use of property for school purposes so as to work forfeiture of title for breach of condition subsequent.**

Land was conveyed to named commissions for religious and school purposes with provision for reversion to the grantor or his heirs if such purposes should be discontinued or fail. During the month of December some eighty-eight years thereafter the county board of education, successors in title of the original commissioners, planned to sell the property and received bids, but no sale was consummated, and the following spring nearly all the furniture was moved from the school building to a new building on adjoining land, but later in the same spring the county board of education rescinded its former plan to sell the property, and since that time has continued to use the building for purposes connected with the maintenance of the school. *Held:* The facts presented are insufficient to show abandonment of the use of the property for school purposes or relinquishment of the board's right thereto, so as to authorize reëntry by the heirs of the grantor.

APPEAL by plaintiff from *Sink, J.,* at February Term, 1938, of SURRY. Affirmed.

*R. Glenn Key for plaintiff.*

*Robert A. Freeman and Folger & Folger for Surry County Board of Education.*

DEVIN, J. This appeal presents the question of title to certain real property in Surry. County, and arose upon the following material facts which have been agreed to by the parties.

In 1848 Andrew Mathews executed and delivered deed conveying a small tract of land therein described to named commissioners of free schools of Pilot District, and their successors, for the purpose of enabling them to build a schoolhouse and church, said land to be held "so long as church is kept up on said lot and not to be used for any other purpose, and if at any time they should be discontinued or fail, the title to said lot to revert back to me (the grantor) and my heirs."

A schoolhouse was shortly thereafter erected on the premises and used for school and church purposes until 1878, when a church building was erected on an adjacent lot and the school building ceased to be used for church purposes. The school building (replaced by a new building in 1904) has continued to be used for school purposes uninterruptedly to the present time, unless the facts hereinafter set out constitute an abandonment or disuse.

In December, 1936, the defendant Board of Education planned to sell the property and offered it for sale and bids were placed thereon, but "the offer to sell was never approved nor confirmed by the said defendant," and no deed was ever executed. During the spring of 1937 nearly all of the school furniture was removed from the school building to a new school building erected on adjoining land. During the same spring of 1937 the defendant Board of Education established a high school and found it necessary to use the old school building on the property in question in connection therewith, and, in August, 1937, rescinded its former plan to sell the property, and has continued to use the building for purposes connected with the maintenance of the school. It was admitted "that the building is now being used by this defendant for a scientific laboratory in connection with the school."

The plaintiff instituted this action as the heir or one of the heirs of Andrew Mathews, claiming that the title to the property had reverted by reason of its abandonment for the purposes for which the land was originally conveyed.

No point was made by plaintiff that the property was no longer being used for church purposes, and properly so, for acquiescence by the heirs of the grantor in its disuse for that purpose and its use solely for school purposes for fifty-nine years would afford now no ground of complaint on that score. Right of forfeiture for that reason, if at all available upon proper construction of the language of the entire deed, would be deemed to have been waived and lost by lapse of time, and reëntry barred.

The court below held that there had been no abandonment of right to the property by the defendant Board of Education so as to divest its

title, and accordingly rendered judgment for defendant board and against the plaintiff. From this judgment the plaintiff appealed.

The facts agreed sustain the ruling of the court below.

In *Church v. Bragaw,* 144 N. C., 126, 56 S. E., 688, it was said: "Conditions subsequent, especially when relied upon to work a forfeiture, are strictly construed. *Woodruff v. Woodruff,* 44 N. J., 353. The word 'abandonment' has a well-defined meaning in the law which does not embrace a sale or conveyance of the property. It is the giving up of a thing absolutely, without reference to any particular person or purpose, and includes both the intention to relinquish all claim to and dominion over the property and the external act by which this intention is executed, and that is, the actual relinquishment of it, so that it may be appropriated by the next comer. 1 Cyc., 4."

"The act of relinquishment of possession or enjoyment must be accompanied by an intent to part permanently with the right; otherwise, there is no abandonment." 1 Am. Jur., 7.

To the same effect is 1 C. J. S., 6, 10; 18 C. J., 371.

The facts here presented are insufficient to show abandonment of the use of the property described or relinquishment of defendant's right thereto, so as to authorize reëntry by the heirs of the grantor.

Judgment affirmed.