CHARLOTTE PARK AND RECREATION COMMISSION, A MUNICIPAL COR-
PORATION, V. OSMOND L. BARRINGER, ABBOTT REALTY COMPANY,
A CORPORATION, AND CHARLES W. LEEPER, I. P. FARRAR, SADLER S.
GLADDEN, ROBERT H. GREENE, JAMES HEATH, HENRY M. ISLEY,
RUSSELL McLAUGHLIN, ANTHONY M. WALKER, HAROLD WAL-
KER, EDWARD J. WEDDINGTON, JAMES J. WEDDINGTON, WILLIE
LEE WEDDINGTON, L. A. WARNER, G. M. WILKINS, ROY S. WYNN
AND RUDOLPH M. WYCHE, AND CITY OF CHARLOTTE, A MUNICIPAL
CORPORATION.

(Filed 30 June, 1955.)

**1. Declaratory Judgment Act § 2—**

A controversy between the parties as to whether the deeds in question
created a fee upon special limitation and as to whether title would revert
in grantors upon the threatened happening of the contingency, may be
maintained under the Declaratory Judgment Act.  G. S. 1-253, *et seq.*

**2. Deeds § 13a:  Wills § 33c—**

A fee upon special limitation, which is a fee since it may last forever,
but is not a fee absolute since it may terminate upon the happening of the
contingencies specified, is recognized in North Carolina, and may be created
by deed, will or other instrument in writing, which in expressed terms pro-
vides that upon the happening of named contingencies, title should revert
to grantor or his successors.  Upon the happening of such contingencies,
the title reverts by operation of law.

**3. Deeds § 13a:  Constitutional Law §§ 16, 20—Deed conveying land for
park upon special limitation that it be used by persons of white race
only held valid and constitutional.**

In the granting clause of the deed in question the land was conveyed to
grantee upon the terms and conditions, and for the uses and purposes,
"hereinafter fully set forth."  The *habendum* provided that the land, to-
gether with other tracts specifically referred to, should be held, used and
maintained by the grantee as a park to be used and enjoyed by persons of
the white race only, with further provision that in the event all the lands
referred to should not be maintained for this purpose, then in either one or
more of said events, the land should revert to grantor, his heirs, and
assigns upon the payment of a stipulated sum.  *Held:* The deed conveys
a fee upon special limitations, and if such limitations, or any of them, fail,
the estate automatically reverts to the grantor by operation of law upon
the payment of the stipulated sum, and such result does not violate the
14th Amendment to the Federal Constitution in regard to Negroes seeking
the use of the park, but to the contrary a construction vitiating the possi-
bility of reverter would deprive grantor of his property without adequate
compensation and due process, in violation of the 5th Amendment to the
Federal Constitution and Art. I, Sec. 17, of the Constitution of North
Carolina.

**4. Deeds § 13a:  Wills § 33h—**

The possibility of reverter in the grantor of lands conveyed upon special
limitation is not void for remoteness and does not violate the rule against
perpetuities.

**5. Deeds § 13a—**

Where the grantor conveys land for a park upon special limitations set out, but provision for reverter in the event the park is not maintained for use of the white race only is not included in the limitations inserted in the deed, the use of the park by persons of the negro race would not effectuate the reverter, which would become operative only upon violation of the limitations expressly incorporated therein.

**6. Appeal and Error § 3—**

Where neither the grantor nor the grantee appeals from a conclusion of law holding void, as being in violation of the 14th Amendment to the Federal Constitution, a conveyance of land by a municipality upon special limitation that the land be used for a park for white persons only, Negroes attacking the limitation are not the parties aggrieved by such conclusion of law, and their assignment of error thereto will be overruled.

APPEAL by all the defendants, except Osmond L. Barringer, Abbott Realty Company and the city of Charlotte, from *Patton*, Special Judge, Extra February Civil Term 1955 of MECKLENBURG.

Civil action to have determined questions of the construction or validity of provisions in certain deeds restricting the use of the lands conveyed, and requiring that the lands revert to the grantors if such restrictions are not carried out.

All parties to the action, by written stipulation filed with the court, waived a jury trial, and consented that the court find the facts. The facts found by the Judge necessary for a decision of the questions presented are summarized as follows:

*One.* Charlotte is a municipal corporation of the State of North Carolina. General control, management and authority over the parks and playgrounds of Charlotte are vested by law in the plaintiff, a public body corporate known as Charlotte Park and Recreation Commission.

*Two.* On 31 August 1927 W. T. Shore and T. C. Wilson, and the defendants Barringer and Abbott Realty Company, offered to give to the city of Charlotte through plaintiff for park and playground purposes certain lands free from encumbrance upon the following conditions:

1. "Said lands are to be used by the city of Charlotte through its Park and Recreation Commission for white people's parks and playgrounds, parkways and municipal golf courses only."

2. Provisions that the lands shall be beautified and maintained so as to keep them suitable for parks, etc., at a cost of not less than $5,000.00 annually for the first 8 years.

3. Provisions for construction of driveways.

4. Adjacent lands now owned by city of Charlotte shall be set aside by it as a part of this proposed park.

5. In the event the lands are not kept and maintained at an expenditure as aforesaid and are not used for parks and playgrounds only, the

"said lands shall revert in fee simple to the undersigned donors"; each donor to have reverted back to him the land he gave.

*Three.* On 18 February 1929 plaintiff approved said offer. On 21 February 1929 the city of Charlotte accepted said offer, and agreed to the terms thereof by ordinance duly passed and adopted.

*Four.* On 22 May 1929 the defendant Barringer, and wife, by deed properly recorded, conveyed as a gift certain lands therein described to plaintiff for use as a park, playground and recreational system of the city of Charlotte to be known as Revolution Park. This deed in the granting clause conveys the land to the plaintiff here "upon the terms and conditions, and for the uses and purposes, as hereinafter fully set forth." The *habendum* clause is to have and to hold the land "upon the following terms and conditions, and for the following uses and purposes, and none other," which are set forth as follows: 1. The land conveyed by this deed, together with other lands conveyed to plaintiff by W. T. Shore, and wife, T. C. Wilson, and wife, Abbott Realty Co. and the city of Charlotte shall be maintained and operated by plaintiff as an integral part of a park, playground and recreational area, to be known as Revolution Park, "for the use of, and to be used and enjoyed by persons of the white race only." 2. Here follows the other conditions of the offer. Then the deed contains this language:

"In the event that the said lands comprising the said REVOLUTION PARK area as aforesaid, being all of the lands hereinbefore referred to, shall not be kept and maintained as a park, playground and/or recreational area, at an average expenditure of five thousand dollars ($5,000) per year, for the eight-year period as aforesaid, and/or in the event that the said lands and all of them shall not be kept, used and maintained for park, playground and/or recreational purposes, for use by the white race only, and if such disuse or non-maintenance continue for any period as long as one year, and/or should the party of the second part, or its successors, fail to construct or have constructed the roadway above referred to, within the time specified above, then and in either one or more of said events, the lands hereby conveyed shall revert in fee simple to the said Osmond L. Barringer, his heirs or assigns; provided, however, that before said lands, in any such event, shall revert to the said Osmond L. Barringer and as a condition precedent to the reversion of the said lands in any such event, the said Osmond L. Barringer, his heirs or assigns, shall pay unto the party of the second part or its successors the sum of thirty-five hundred dollars ($3500)."

*Five.* On 22 May 1929 W. T. Shore, and wife, and T. C. Wilson, and wife, by deed properly recorded, conveyed as a gift certain lands therein described to plaintiff upon the terms and conditions and for the same uses and purposes as set forth in the defendant Barringer's deed. The

provisions in this deed as to the use of the land, and the language as to reversion to the donors, are similar to the Barringer deed, except there is no provision that as a condition precedent to a reversion the grantors shall pay any money to the grantee. A number of years later a controversy arose between W. T. Shore and T. C. Wilson on the one side and the plaintiff here on the other over this land they conveyed as a gift. Action was instituted by W. T. Shore and T. C. Wilson against the plaintiff here, which action was comprômised and settled by the plaintiff here, the defendant in that case, paying to W. T. Shore $3,600.00 for all rights of reversion, forfeiture, re-entry and interest which Shore had, has, or might have in the lands he conveyed by gift, and paying to the heirs of Wilson $2,400.00 for the same rights. As a part of the compromise and settlement, W. T. Shore and the heirs of Wilson, by separate deeds, remised, released and forever quit-claimed unto the plaintiff here all rights of reversion, forfeiture, entry, re-entry, title, interest, equity and estate, and all other rights of every nature, kind and character, which they had, now have, or might have hereafter in the said lands.

*Six.* On 22 May 1929 Abbott Realty Company, by deed properly recorded, conveyed as a gift certain lands therein described to plaintiff upon the terms and conditions and for the same uses and purposes, and for use of the white race only, as set forth in the defendant Barringer's deed. This deed contains a reverter provision, but it does not provide that if the lands conveyed are used by members of a non-white race that the lands conveyed as a gift shall revert back to the grantor. Nor does it contain a provision that as a condition precedent to reversion Abbott Realty Company shall pay to the grantee any money.

*Seven.* On 22 May 1929 the city of Charlotte conveyed to plaintiff certain adjacent lands owned by it to form a part of Revolution Park. This park is composed of this land and the lands conveyed by Barringer, Shore, Wilson and Abbott Realty Company. The city's deed provides that should the lands conveyed by it and the lands conveyed by the other parties named above shall not at any time for 12 consecutive months be used for park, playground or recreational purposes for use by persons of the white race only, then the land conveyed by the city shall cease to be a park, playground, etc., and shall revert to the city of Charlotte.

*Eight.* Plaintiff has in Revolution Park a municipal swimming pool, municipal tennis courts and the Bonnie Brae Golf Course, which it operates and maintains as a part of the recreational system of Charlotte. Bonnie Brae Golf Course is situated on the lands given to plaintiff by Shore and Wilson, and conveyed to plaintiff by the city of Charlotte. This golf course is the only one operated and maintained by

plaintiff, and it and the other recreational features of Revolution Park are operated by plaintiff for the exclusive use of members of the white race. All negroes are denied the use of this golf course because of the restrictions in the above deeds.

*Nine.* In December 1951 all the defendants, except Barringer, Abbott Realty Company and the city of Charlotte presented to plaintiff a petition stating that they are negroes, and because they are negroes, they have been denied the right to use this golf course, in violation of their constitutional rights, and demanding that they be permitted to use this golf course.

*Ten.* Plaintiff by operation of law is charged with the duty of operating and maintaining recreational facilities for the citizens of Charlotte, and does not desire to deprive any of its citizens of their legal rights, nor does plaintiff desire to lose by reverter any of the properties entrusted to it for recreational purposes, nor does it desire to fail to comply with the terms of any gifts made to it by any of its citizens. Therefore, by reason of the aforesaid petition the plaintiff immediately instituted suit against the grantors of the lands composing Revolution Park to obtain a judicial determination of the effect of allowing negroes to use the golf course in said park, because of the reverter provisions and the restrictions as to use in their deeds. The appellants were made parties to the suit. Pending a final decision in such suit plaintiff refused petitioner's request.

*Eleven.* The defendant Barringer is ready, able and willing to pay the sum of $3,500.00 as a condition precedent to the reversion of the land to him as provided in his deed of gift to the plaintiff.

Upon these facts found the judge made the following conclusions of law and entered judgment accordingly:

1. The court has jurisdiction of the property and the parties, and is empowered to enter judgment under the Declaratory Judgment Act. G. S. N. C. 1-253 *et seq.*

2. The deeds from Osmond L. Barringer, and wife, and from Abbott Realty Company vested in plaintiff a valid determinable fee with the possibility of reverter in and to the lands described in the deeds.

3. In the event any of the reverter provisions in the Barringer deed or the Abbott Realty Company deed be violated, then and in such event title to the lands conveyed in said deeds will by operation of law immediately revert title in the grantors: and the admission of negroes on the Bonnie Brae Golf Course to play golf will cause the reverter provisions in said deeds immediately to become operative, and title to revert.

4. The deed from the city of Charlotte vested in plaintiff a valid determinable fee with the possibility of reverter. That the use of

Bonnie Brae Golf Course by negroes as players would not cause a reversion of the property conveyed by the city of Charlotte to plaintiff, for that the reversionary clause in the city's deed is, under such circumstances, void as being in violation of the 14th Amendment to the U. S. Constitution.

5. The plaintiff is the owner in fee, free of any conditions, reservations or reverter provisions of the lands conveyed to it by Shore and Wilson.

6. Revolution Park was created as an integral area of land, and to permit negroes to play golf on any part of said land will cause the reverter provisions in the Barringer and Abbott Realty Company deeds immediately to become effective and result in the title of plaintiff terminating and the lands reverting to Barringer and Abbott Realty Company.

From the judgment entered the defendants, except Osmond L. Barringer, Abbott Realty Company and the city of Charlotte, appealed, assigning error.

*T. H. Wyche and Spottswood W. Robinson, III, for Charles W. Leeper, I. P. Farrar, Sadler S. Gladden, Robert H. Greene, James Heath, Henry M. Isley, Russell McLaughlin, Anthony M. Walker, Harold Walker, Edward J. Weddington, James J. Weddington, Willie Lee Weddington, L. A. Warner, G. M. Wilkins, Roy S. Wynn, and Rudolph M. Wyche, Defendants, Appellants.*

*Cochran, McCleneghan & Miller and F. A. McCleneghan and Lelia M. Alexander for Osmond L. Barringer, Defendant, Appellee.*

*John D. Shaw for Charlotte Park and Recreation Commission, Plaintiff, Appellee.*

PARKER, J.   The decision of the Trial Judge that he had jurisdiction of the property and the parties, and was empowered to enter judgment under the Declaratory Judgment Act is correct.  G. S. 1-253 *et seq., Lide v. Mears,* 231 N.C. 111, 56 S.E. 2d 404.

There are no exceptions to the Judge's findings of fact.

We shall discuss first the Barringer Deed, which by reference, as well as all the other deeds mentioned in the statement of facts, is incorporated in the findings of fact, and made a part thereof.  The first question presented is:  Does the Barringer Deed create a fee determinable on special limitations, as decided by the Trial Judge?

This Court said in *Hall v. Turner,* 110 N.C. 292, 14 S.E. 791: "Whenever a fee is so qualified as to be made to determine, or liable to be defeated, upon the happening of some contingent event or act, the fee is said to be base, qualified or determinable."

"An estate in fee simple determinable, sometimes referred to as a base or a qualified fee, is created by any limitation which, in an otherwise effective conveyance of land, creates an estate in fee simple and provides that the estate shall automatically expire upon the occurrence of a stated event . . . . No set formula is necessary for the creation of the limitation, any words expressive of the grantor's intent that the estate shall terminate on the occurrence of the event being sufficient . . . . So, when land is granted for certain purposes, as for a schoolhouse, a church, a public building, or the like, and it is evidently the grantor's intention that it shall be used for such purposes only, and that, on the cessation of such use, the estate shall end, without any re-entry by the grantor, an estate of the kind now under consideration is created. It is necessary, it has been said, that the event named as terminating the estate be such that it may by possibility never happen at all, since it is an essential characteristic of a fee that it may possibly endure forever." Tiffany: Law of Real Property, 3rd Ed., Sec. 220.

In *Connecticut Junior Republic Association v. Litchfield,* 119 Conn. 106, 174 A. 304, 95 A.L.R. 56, the real estate was devised by Mary T. Buell to the George Junior Republic Association of New York with a precatory provision that it be used as a home for children. The New York association by deed conveyed this land to plaintiff, "its successors and assigns, in trust, as long as it may obey the purposes expressed in . . . the will . . . and as long as the (grantee) shall continue its existence for the uses and purposes as outlined in the preamble of the Constitution of the National Association of Junior Republics, but if at any time it shall fail to so use said property for said purposes . . . then the property hereby conveyed shall revert to this grantor, or its successors." The Supreme Court of Connecticut said: "The effect of the deed was to vest in the plaintiff a determinable fee. Here, as in *First Universalist Society v. Boland,* 155 Mass. 171, 174, 29 N.E. 524, 15 L.R.A. 231, the terms of the deed 'do not grant an absolute fee, nor an estate or condition, but an estate which is to continue till the happening of a certain event, and then to cease. That event may happen at any time, or it may never happen. Because the estate may last forever it is a fee. Because it may end on the happening of the event it is what is usually called a determinable or qualified fee.' See, also *City National Bank v. Bridgeport,* 109 Conn. 529, 540, 147 A. 181; *Battistone v. Banulski,* 110 Conn. 267, 147 A. 820."

In *First Universalist Society v. Boland,* 155 Mass. 171, 29 N.E. 524, 15 L.R.A. 231, "the grant of the plaintiff was to have and to hold, etc., 'so long as said real estate shall by said society or its assigns be devoted to the uses, interests and support of those doctrines of the Christian religion' as specified; 'and when said real estate shall by said society or

its assigns be diverted from the uses, interests, and support aforesaid to any other interests, uses or purposes than as aforesaid, then the title of said society or its assigns in the same shall forever cease, and be forever vested in the following named persons, etc.'" The Supreme Court of Connecticut in *Connecticut Junior Republic Association v. Litchfield, supra,* has quoted the language of this case holding that the grant creates "a determinable or qualified fee." Immediately after the quoted words, the Massachusetts Court used this language: "The grant was not upon a condition subsequent, and no re-entry would be necessary; but by the terms of the grant the estate was to continue so long as the real estate should be devoted to the specified uses, and when it should no longer be so devoted then the estate would cease and determine by its own limitation."

In *Brown v. Independent Baptist Church of Woburn,* 325 Mass. 645, 91 N.E. 2d 922, the will of Sarah Converse devised land "to the Independent Baptist Church of Woburn, to be holden and enjoyed by them so long as they shall maintain and promulgate their present religious belief and faith and shall continue a church; and if the said church shall be dissolved, or if its religious sentiments shall be changed or abandoned, then my will is that this real estate shall go to my legatees hereinafter named." The Court said: "The parties apparently are in agreement, and the single justice ruled, that the estate of the church in the land was a determinable fee. We concur. (Citing authorities). The estate was a fee, since it might last forever, but it was not an absolute fee, since it might (and did) 'automatically expire upon the occurrence of a stated event.'"

In *Smith v. School Dist. No. 6 of Jefferson County* (Missouri), 250 S.W. 2d 795, the deed contained this provision: "The said land being hereby conveyed to said school district for the sole and express use and purpose of and for a school house site and it is hereby expressly understood that whenever said land shall cease to be used and occupied as a site for a school house and for public school purposes that then this conveyance shall be deemed and considered as forfeited and the said land shall revert to said party of the first part, his heirs and assigns." The Court held that the estate conveyed was a fee simple determinable.

In *Collette v. Town of Charlotte,* 114 Vt. 357, 45 A. 2d 203, the deed provided that the land "was to be used by said town for school purposes, but when said town fails to use it for said school purposes it shall revert to said Scofield" (the grantor), "his heirs and assigns, but the town shall have the right to remove all buildings located thereon. The town shall not have the right to use the premises for other than school purposes." The Supreme Court of Vermont in a well reasoned opinion supported by ample citation of authority said: "It was held in *Fall*

*Creek School Twp. v. Shuman,* 55 Ind. App. 232, 236, 103 N.E. 677, 678, that a conveyance of land 'to be used for school purposes' without further qualification, created a condition subsequent. The same words were used in Scofield's deed to the Town of Charlotte, but they were followed by the provision that 'when said Town fails to use it for said school purposes it shall revert to said Scofield, his heirs or assigns,' clearly indicating the intent of the parties to create a determinable fee, which was, we think, the effect of the deed. *North v. Graham,* 235 Ill. 178, 85 N.E. 267, 18 L.R.A., N.S., 624, 626, 126 Am. St. Rep. 189."

In *Mountain City Missionary Baptist Church v. Wagner,* 193 Tenn. 625, 249 S.W. 2d 875, the deed is an ordinary deed conveying certain real estate. After the *habendum* clause there appears the following language: "But it is distinctly understood that if said property shall cease to be used by the said Missionary Baptist Church (for any reasonable period of time) as a place of worship, that said property shall revert back to the said M. M. Wagner and his heirs free from any encumbrances whatsoever and this conveyance become null and void." The grantor was M. M. Wagner. The Court said: "When we thus read the deed, as a whole, we find that the unmistakable and clear intention of the grantor was to give this property to the church so long as it was used for church purposes and then when not so used the property was to revert to the grantor or his heirs. The estate thus created in this deed is a determinable fee."

In *Magness v. Kerr,* 121 Ore. 373, 254 Pac. 1012, 51 A.L.R. 1466, the deed contained the following provision, to-wit: "Provided and this deed is made upon this condition, that should said premises at any time cease to be used for cooperative purposes, they shall, upon the refunding of the purchase price and reasonable and equitable arrangement as to the disposition of the improvements, revert to said grantors." The Court held that this was a grant upon express limitation, and the estate will cease upon breach of the condition without any act of the grantor.

For other cases of a determinable fee created under substantially similar language see: *Coffelt v. Decatur School District No. 17,* 212 Ark. 743, 208 S.W. 2d 1; *Regular Predestinarian Baptist Church of Pleasant Grove v. Parker,* 373 Ill. 607, 27 N.E. 2d 522, 137 A.L.R. 635; *Board of Education for Jefferson County v. Littrell,* 173 Ky. 78, 190 S.W. 465; *Pennsylvania Horticultural Society v. Craig,* 240 Pa. 137, 87 A. 678.

We have held in *Ange v. Ange,* 235 N.C. 506, 71 S.E. 2d 19, that the words "for church purposes only" appearing at the conclusion of the *habendum* clause, where there is no language in the deed providing for a reversion or forfeiture in event the land ceases to be used as church

property, does not limit the estate granted. To the same effect: *Shaw University v. Ins. Co.*, 230 N.C. 526, 53 S.E. 2d 656.

In *Abel v. Girard Trust Co.*, 365 Pa. 34, 73 A. 2d 682, there was in the *habendum* clause of the deed a provision for exclusive use as a public park for the use and benefit of the inhabitants of the Borough of Bangor. The Supreme Court of Pennsylvania said: "An examination of the deed discloses that there is no express provision for a reversion or forfeiture. The mere expression of purpose will not debase a fee." To the same effect see: *Miller v. Village of Brookville*, 152 Ohio St. 217, 89 N.E. 2d. 85, 15 A.L.R. 2d 967; *Ashuelot Nat. Bank v. Keene*, 74 N.H. 148, 65 A. 826, 9 L.R.A. (NS) 758.

In North Carolina we recognize the validity of a base, qualified or determinable fee. *Hall v. Turner, supra; Williams v. Blizzard*, 176 N.C. 146, 96 S.E. 957; *Turpin v. Jarrett*, 226 N.C. 135, 37 S.E. 2d 124. See also: 19 N.C.L.R. pp. 334-344: in this article a helpful form is suggested to create a fee determinable upon special limitation.

When limitations are relied on to debase a fee they must be created by deed, will, or by some instrument in writing in express terms. *Abel v. Girard Trust Co., supra;* 19 Am. Jur., Estates, Section 32.

In the Barringer Deed in the granting clause the land is conveyed to plaintiff "upon the terms and conditions, and for the uses and purposes, as hereinafter fully set forth." The *habendum* clause reads, "to have and to hold the aforesaid tract or parcel of land . . . upon the following terms and conditions, and for the following uses and purposes, and none other, to-wit . . . . The lands hereby conveyed, together with the other tracts of land above referred to (the Shore, Wilson and City of Charlotte lands) "as forming Revolution Park, shall be held, used and maintained by the party of the second part" (the plaintiff here) ". . . as an integral part of a park, playground and recreational area, to be known as Revolution Park and to be composed of the land hereby conveyed and of the other tracts of land referred to above, said park and/or recreational area to be kept and maintained for the use of, and to be used and enjoyed by persons of the white race only." The other terms and conditions as to the use and maintenance, etc., of the land conveyed are omitted as not material. The pertinent part of the reverter provision of the deed reads: "In the event that the said lands comprising the said Revolution Park area as aforesaid, being all of the lands hereinbefore referred to . . . and/or in the event that the said lands and all of them shall not be kept, used and maintained for park, playground and/or recreational purposes, for use by the white race only . . . then, and in either one or more of said events, the lands hereby conveyed shall revert in fee simple to the said Osmond L. Barringer, his heirs and assigns," provided, however, that before said lands shall

revert to Barringer, and as a condition precedent to the reversion, Barringer, his heirs or assigns, shall pay unto plaintiff or its successors $3,500.00.

Barringer by clear and express words in his deed limited in the granting clause and in the *habendum* clause the estate granted, and in express language provided for a reverter of the estate granted by him, to him or his heirs, in the event of a breach of the expressed limitations. It seems plain that his intention, as expressed in his deed, was that plaintiff should have the land as long as it was not used in breach of the limitations of the grant, and, if such limitations, or any of them, were broken, the estate should automatically revert to the grantor by virtue of the limitations of the deed. In our opinion, Barringer conveyed to plaintiff a fee determinable upon special limitations.

It is a distinct characteristic of a fee determinable upon limitation that the estate automatically reverts at once on the occurrence of the event by which it is limited, by virtue of the limitation in the written instrument creating such fee, and the entire fee automatically ceases and determines by its own limitations. *Collette v. Town of Charlotte, supra; First Universalist Society v. Boland, supra; Brown v. Independent Baptist Church of Woburn, supra; Copenhaver v. Pendleton,* 155 Va. 463, 155 S.E. 802, 77 A.L.R. 324; Tiffany: Law of Real Property, 3rd Ed., Section 217. No action on the part of the creator of the estate is required, in such event, to terminate the estate. 19 Am. Jur., Estates, Section 29.

According to the deed of gift "Osmond L. Barringer, his heirs and assigns" have a possibility of reverter in the determinable fee he conveyed to plaintiff. It has been held that such possibility of reverter is not void for remoteness, and does not violate the rule against perpetuities. 19 Am. Jur., Estates, Section 31; Tiffany: Law of Real Property, 3rd Ed., Section 314.

The land was Barringer's, and no rights of creditors being involved, and the gift not being induced by fraud or undue influence, he had the right to give it away if he chose, and to convey to plaintiff by deed a fee determinable upon valid limitations, and by such limitations provide that his bounty shall be enjoyed only by those whom he intended to enjoy it. 24 Am. Jur., Gifts, p. 731; Devlin: The Law of Real Property and Deeds, 3rd Ed., Section 838; 38 C.J.S., Gifts, p. 816. In *Grossman v. Greenstein,* 161 Md. 71, 155 A. 190, the Court said: "A donor may limit a gift to a particular purpose, and render it so conditioned and dependent upon an expected state of facts that, failing that state of facts, the gift should fail with it." The 15th headnote in *Brahmey v. Rollins,* (N. H.) 179 A. 186, reads: "Right to alienate is an inherent element of ownership of property which donor may with-

11—242

hold in gift of property." We know of no law that prohibits a white man from conveying a fee determinable upon the limitation that it shall not be used by members of any race except his own, nor of any law that prohibits a negro from conveying a fee determinable upon the limitation that it shall not be used by members of any race, except his own.

If negroes use the Bonnie Brae Golf Course, the determinable fee conveyed to plaintiff by Barringer, and his wife, automatically will cease and terminate by its own limitation expressed in the deed, and the estate granted automatically will revert to Barringer, by virtue of the limitation in the deed, provided he complies with the condition precedent by paying to plaintiff $3,500.00, as provided in the deed. The operation of this reversion provision is not by any judicial enforcement by the State Courts of North Carolina, and *Shelley v. Kraemer,* 334 U.S. 1, 92 L. Ed. 1161, has no application. We do not see how any rights of appellants under the 14th Amendment to the U. S. Constitution, Section 1, or any rights secured to them by Title 42 U.S.C.A., annotated Sections 1981 and 1983, are violated.

If negroes use Bonnie Brae Golf Course, to hold that the fee does not revert back to Barringer by virtue of the limitation in the deed would be to deprive him of his property without adequate compensation and due process in violation of the rights guaranteed to him by the 5th Amendment to the U. S. Constitution and by Art. I, Sec. 17 of the N. C. Constitution, and to rewrite his deed by judicial fiat.

The appellants' assignment of error No. 1 to the conclusion of law of the court that the Barringer deed vested a valid determinable fee in plaintiff with the possibility of a reverter and assignments of error No. 3 and No. 4 to the conclusion of the court that in the event any of the limitations in the Barringer deed are violated, title to the land will immediately revert to Barringer and that the use of Bonnie Brae Golf Course by negroes will cause a reverter of the Barringer deed, are overruled.

The case of *Bernard v. Bowen,* 214 N.C. 121, 198 S.E. 584, is distinguishable. For instance, there is no limitation of the estate conveyed in the granting clause.

Now as to the Abbott Realty Company deed. This deed conveyed as a gift certain lands to plaintiff upon the same terms and conditions, and for the same uses and purposes, and for the white race only, as set forth in the Barringer deed. This deed contains a reverter provision, if there is a violation of certain limitations of the estate conveyed, but the reverter provision does not provide that, if the lands of Revolution Park are used by members of a non-white race, the lands conveyed by Abbott Realty Company to plaintiff shall revert to the grantor. In our opinion,

the estate conveyed by Abbott Realty Company to plaintiff is a fee determinable upon certain expressed limitations set forth in the deed, with a possibility of reverter to Abbott Realty Company if the limitations expressed in the deed are violated and the reverter provision states that such violations will cause a reverter. That was the conclusion of law of the Trial Judge, and the appellants' assignment of error No. 2 thereto is overruled. However, the reverter provision does not require a reverter to Abbott Realty Company, if the lands of Revolution Park are used by negroes. Therefore, if negroes use Bonnie Brae Golf Course, title to the lands conveyed by Abbott Realty Company to plaintiff will not revert to the grantor. See: *Tucker v. Smith*, 199 N.C. 502, 154 S.E. 826.

The Trial Judge concluded as a matter of law that if any of the reverter provisions in the Abbott Realty Company deed were violated, title would revert to Abbott Realty Company, and that if negroes use Bonnie Brae Golf Course, title to the land granted by Abbott Realty Company will revert to it. The appellants' assignments of error Nos. 5 and 6 are to this conclusion of law. These assignments of error are sustained to this part of the conclusion, that if negroes use Bonnie Brae Golf Course, title to the land will revert to Abbott Realty Company: and as to the other part of the conclusion the assignments of error are overruled.

The appellants' assignment of error No. 7 is to this conclusion of law of the Trial Judge, that the deed from the city of Charlotte to plaintiff created a valid determinable fee with the possibility of a reverter, and that as the city of Charlotte has only one municipal golf course, the use of Bonnie Brae Golf Course by negroes will not cause a reversion of title to the property conveyed by the city of Charlotte to plaintiff, for that said reversionary clause in said deed is, under such circumstances void as being in violation of the 14th Amendment to the U. S. Constitution.

From this conclusion of law the city of Charlotte and the plaintiff did not appeal. We do not see in what way appellants have been aggrieved by this conclusion of law, and their assignment of error thereto is overruled.

The appellants also include as part of their assignments of error Nos. 3, 4, 5 and 6 these conclusions of law of the Trial Judge numbered 7 and 8. No. 7, that the plaintiff is the owner in fee simple, free of any conditions, reservations or reverter provisions of the property which was conveyed to it by W. T. Shore and T. C. Wilson. The city of Charlotte has not appealed from this conclusion of law, and we are unable to see how appellants have been harmed, so their assignments of error thereto are overruled. No. 8, that Revolution Park, in which is located Bonnie Brae Golf Course, was created as an integral area of land, com-

prising the various contiguous tracts conveyed to plaintiff by Barringer, Abbott Realty Company, city of Charlotte, Shore and Wilson, and to permit negroes to use for golf any part of said land will cause the reverter provisions in the Barringer and Abbott Realty Company deeds immediately to become effective, and result in title of the plaintiff terminating, and the property reverting to Barringer and Abbott Realty Company. As to this conclusion of law the assignments of error are sustained as to that part which states that, if negroes use Bonnie Brae Golf Course, the reverter provision in the Abbott Realty Company deed will become effective and title will revert to Abbott Realty Company: as to the other parts the assignments of error are overruled.

Judgment will be entered below in accordance with this opinion.

Modified and Affirmed.